J. P. STEELE, Appellant, v. MADISON COUNTY et al., Appellees.

**TAXATION:** Refund—Mandamus as Exclusive Procedure. The exclusive remedy for the recovery of an *overassessment* of taxes paid under protest (as distinguished from an absolutely void assessment) is to make application to the board of supervisors for a refund, and, in case of a refusal, to proceed by mandamus.

*Appeal from Madison District Court.*—LORIN N. HAYS, Judge.

OCTOBER 24, 1924.

ACTION to recover taxes alleged to have been illegally and erroneously assessed and collected. The cause was tried to the court without a jury, and plaintiff's petition dismissed. Plaintiff appeals.—*Affirmed.*

*J. P. Steele,* for appellant.

*Leo C. Percival,* for appellees.

STEVENS, J.—An error in the assessment of the capital stock of the Citizens National Bank of Winterset, after our decision in *Des Moines Nat. Bank v. Fairweather,* 191 Iowa 1240, was corrected by the county auditor of Madison County on the books of the treasurer, and the tax on said stock, on the basis of 155 mills on the dollar, paid by the bank under protest. Appellant is the owner of 150 shares of the stock of the bank, and this action was commenced to recover the amount paid to the county treasurer as taxes thereon. The defendants are Madison County and Ellyson Green, county auditor.

The sole ground of contention is that the tax was levied

in violation of Section 5219 of the Revised Statutes of the United States and of Section 1310 of the Supplement to the Code, 1913. The specific ground upon which the argument that the tax was illegal and erroneous is based is that moneys and credits amounting to several million dollars loaned in Madison County in competition with national banks, are assessed under Section 1310 at the rate of 5 mills on the dollar, and that this is a discrimination prohibited by the Federal statute, in the assessment of national bank stock.

This court must necessarily follow whatever definition of the words "other moneyed capital" may be adopted by the Supreme Court of the United States. The legislature of this state has not defined the term "moneyed capital," as used in Section 1310 of the Supplement, which provides for the assessment of moneys and credits at the rate of 5 mills on the dollar and "all moneyed capital within the meaning of Section 5219 of the Revised Statutes of the United States * * * at the same rate as state, savings, national bank and loan and trust company stock is taxed, in the same taxing district, and at the actual value of the moneyed capital so invested."

We have not been called upon, in the interpretation of this statute, to distinguish *moneys* and *credits* and the term "moneyed *capital*," as employed therein. It is impossible for the court to wholly dissipate the uncertainty that appears to exist as to the true meaning of the term "other moneyed capital," as used in the Federal statute. Whatever meaning may be given to this language by state courts is subject to review by the Supreme Court of the United States, and that court has not spoken definitely upon the subject. The point raised in the court below by appellees and made in this court is that the county is not liable in an action at law for taxes illegally or erroneously assessed and paid under protest, but that the proper procedure is by mandamus, to compel the board of supervisors to order a refund thereof. If this contention is sound, then we have no occasion to pass upon the question above stated. The contention is settled by our previous decisions. Section 1417 of the Code of 1897 provides:

"The board of supervisors shall direct the treasurer to re-

fund to the taxpayer any tax or portion thereof found to have been erroneously or illegally exacted or paid, with all interest and costs actually paid thereon. * * *"

Substantially the same provision was incorporated in the Code of 1851 and the Code of 1873. Actions at law, to recover taxes paid under protest, in which a judgment was entered against the county, have been sustained; but the distinction between the holding of those cases and those in which we have held that an action against the county will not lie, and that mandamus is the proper remedy, has been repeatedly pointed out. The recovery sought in *Richards v. Wapello County*, 48 Iowa 507, was for taxes levied and collected upon property that was not assessable. The judgment, which was in plaintiff's favor, was affirmed; but the court, in making its distinction between the correction of an overassessment and taxes paid upon property which should not have been assessed at all, said:

"But the correction of an overassessment and the recovery of money paid as taxes upon property which should not have been assessed at all are different matters. The plaintiff has a money claim against the defendant county, differing in no essential particular from any other claim for which the county is liable. It has wrongfully taken the plaintiff's money. It ought to refund."

The same rule was applied in *Dickey v. County of Polk*, 58 Iowa 287, and in other cases. In the *Polk County* case, the board of supervisors increased the assessment of property in Des Moines Township by adding 10 per cent to the valuation of each taxpayer; and the tax upon such increased valuation alone was involved. The court held that the action of the board was *ultra vires*, and that the tax could be recovered in an action at law. The same doctrine is recognized in *Bibbins v. Clark & Co.*, 90 Iowa 230.

On the other hand, in all cases where the property was subject to taxation, but had been erroneously or illegally assessed, it has been held that an action against the county would not lie, and that the remedy provided by Section 1417 must be followed, and that, if the board of supervisors refuses to do its duty and order a refund of the portion of the taxes erroneously

or illegally exacted, an action in mandamus will lie, to compel such refund. *Iowa Railroad Land Co. v. Woodbury County*, 64 Iowa 212; *Eyerly v. Jasper County*, 72 Iowa 149; *Harris v. Fremont County*, 63 Iowa 639; *Home Sav. Bank v. Morris*, 141 Iowa 560.

Taxes paid to the county treasurer are distributed by him and credited to various funds for which they were levied, and are paid out by him to the taxing units entitled thereto. The refund, when made, must be out of and in proportion to the various funds to which the erroneous or illegal tax has been credited. The legislature having made provision by which taxes erroneously or illegally collected and paid under protest may be refunded, the method so provided should be followed. It is not claimed by appellant that the stock of the Citizens National Bank owned by him was not taxable, but that the rate should have been 5, instead of 155, mills on the dollar. Section 5219 of the Revised Statutes of the United States authorizes the assessment of national bank stock by the state taxing authorities, and provides only against discrimination between the assessment of a particular class of property denominated "other moneyed capital," and the stock of national banks. It seems to us, therefore, that appellant's remedy, if any, was under Section 1417, and, if the board of supervisors refused to order a refund as there provided, he should have sought a writ of mandamus, to compel such refund.

For this reason, the judgment of the court below is— *Affirmed.*

ARTHUR, C. J., and DE GRAFF and VERMILION, JJ., concur.