LIZZIE BRIDGES et al., Appellants, v. BERT W. SAMS et al., Appellees.

**APPEAL AND ERROR:** Nonappealable Orders—Motion in Equity to
1   Dismiss. An appeal will not lie from an order in an equity cause sustaining a motion to dismiss, made at the close of plaintiff's testimony.

**MORTGAGES:** Assumption and Agreement to Pay—Evidence. Evi-
2   dence held to constitute a prima-facie showing of assumption and agreement to pay an existing mortgage.

Headnote 1: 3 C. J. p. 499. Headnote 2: 27 Cyc. p. 1349 (Anno.)

Headnote 1: 2 R. C. L. 43. Headnote 2: 19 R. C. L. 382.

*Appeal from Poweshiek District Court.*—D. W. HAMILTON, Judge.

MARCH 10, 1925.

REHEARING DENIED OCTOBER 4, 1926.

Action in equity, to foreclose a mortgage on real property, and for personal judgment against certain of the defendants who were grantees of the mortgaged premises, and who, plaintiffs allege, assumed and agreed to pay the incumbrances thereon, as part of the purchase price. The court dismissed the prayer of plaintiffs' petition asking personal judgment against the grantees E. C. and Emma Lambert, and plaintiffs appeal.—*Reversed and remanded.*

*Cross & Hamill,* for appellants.

*Frank M. Beatty* and *R. J. Smith,* for appellees E. C. and Emma Lambert, W. H. Boles, and A. B. Richardson.

*Hammer & Tripp,* for appellee Artie J. Sparks.

*Malcolm & True,* for appellees C. R. and Kitty Darland.

STEVENS, J.—I. This is an action in equity, to foreclose a

mortgage for $4,000 upon certain real estate situated in Powe-shiek County, and for a personal judgment against the makers of the note and mortgage and the other defendants named as grantees of the mortgaged premises, who, it is alleged, assumed and agreed to pay the incumbrances as a part of the purchase price, under their respective contracts. The issues were tried as to E. C. and Emma Lambert only. Appellees offered no evidence in their own behalf, but, at the conclusion of appellants' testimony, moved the court for a decree in their favor, upon the ground that the evidence was insufficient to justify the rendition of a personal judgment against the Lamberts. This motion was sustained, and appellants' petition, as to them, was dismissed.

Before passing to the merits, we are required to rule upon a motion in this court to dismiss the appeal, upon the ground that the same was not perfected within the time required by Section

1. APPEAL AND ERROR: non-appealable orders: motion in equity to dismiss.

4110 of the Code of 1897. The motion to dismiss the cause of action and for judgment for appellees was orally sustained by the court December 26, 1922; but final judgment and decree was not entered until August 10, 1923. Notice of appeal was served upon the proper parties and filed in the clerk's office on January 18, 1924. The motion to dismiss the appeal is urged upon the ground that an appeal would lie from the ruling on the motion to dismiss, and should have been taken within six months from the date of such ruling. Equity causes are triable *de novo* in this court, and not upon error, as in law actions. The motion to dismiss and for judgment is without statutory recognition, and was of no greater significance than an announcement on the part of appellees that they rested their case at the close of plaintiffs' testimony. *Brewster v. Brewster,* 194 Iowa 803. An appeal from the ruling on the motion would have presented no question for review, aside from the merits of the case. The practice is not countenanced, and there was nothing from which an appeal could be taken. Judgment and decree was finally entered. *Sievertsen v. Paxton-Eckman Chemical Co.,* 160 Iowa 662; *McCarney v. Lightner,* 188 Iowa 1271. The appeal was perfected within six months after the final judgment and decree was entered of record, and the motion to dismiss the appeal is overruled.

II. The record without conflict shows that, on or about

March 1, 1920, the defendants Bert W. and Vesta L. Sams exe-
cuted the note and mortgage in suit to Artie J. Sparks, who, on

2. MORTGAGES:
assumption
and agreement
to pay: evidence.

or about March 1, 1921, assigned the same to
A. L. Guthrie, who, in turn, and on or about
February 7, 1922, assigned the same to appel-
lants; that, on or about October 8, 1920, Bert W. Sams entered
into a contract in writing with Hugh Hatcher, by which he
agreed to convey the mortgaged premises to the said Hatcher,
subject to mortgages amounting to $34,000, which the said
Hatcher assumed and agreed to pay. Hatcher later orally trans-
ferred his interest in the contract to Raymond Wadsworth, who,
on or about November 27, 1920, entered into a written contract
for the sale and conveyance of the same premises to E. C. Lam-
bert for a consideration of $60,000, the said Lambert agreeing to
assume the payment of the incumbrances thereon, amounting to
$34,000, of which the mortgage in controversy was a part. Later,
by some negotiations not clearly shown in the record, A. B. Rich-
ardson and W. H. Boles appear to have assumed ownership of
the land. Lambert, however, on or about February 2, 1921, in
writing leased the farm to James H. Hollingsworth, and later
notified him that he had traded the farm to Claud Darland, of
Oskaloosa. The appellees Bert W. Sams and Raymond Wads-
worth testified that a warranty deed containing a clause by
which the grantee assumed and agreed to pay the mortgage of
$4,000 now in controversy was executed by the said Bert W.
Sams and Vesta L., his wife, and delivered to Lambert in March,
1921. C. R. Darland testified that he saw the same deed later,
and that the name of E. C. Lambert, which had been written
therein, was partially erased. Boles testified that there may have
been such an erasure. The deed was never recorded, and Boles
testified that it was passed on to him, and that he mislaid or lost
it, and that, notwithstanding a search therefor, he had been un-
able to locate it. Boles denied that the instrument contained a
mortgage assumption clause, and testified positively that it re-
cited that the conveyance was subject to the incumbrances there-
on. Richardson further testified that he did not examine the
deed, but that Boles read it to him, and that, as read, it did not
contain an assumption clause, but an agreement that the convey-
ance was subject only to the mortgages.

The only question presented is: Did the testimony make

out a prima-facie case against the Lamberts? It appears to have been the theory of the trial court that the evidence disclosed the existence of two deeds, and did not show that the deed executed by Sams and wife to Lambert could not be produced upon the trial, and that, therefore, parol evidence of its contents was inadmissible. The record is clear that but one instrument was executed by Sams and wife to Lambert, and there is nothing therein from which the inference may be drawn that a second deed was executed by anyone. The inference to be drawn from the evidence that Lambert's name as grantee was erased, and the deed passed to the succeeding purchasers without containing the name of any other person, is very strong. The testimony of Sams and Wadsworth that a deed containing an assumption clause was executed and delivered to Lambert as grantee is undisputed, as is also the testimony that his name was erased from the deed before it came into the possession of Richardson and Boles.

As stated, the written contract between Hatcher and Sams, and also the like instrument signed by Wadsworth and Lambert, each provided that the grantee would assume and agree to pay the incumbrances upon the land, as a part of the purchase price. The very existence of these written instruments containing such provisions is in itself a circumstance strongly corroborative of the testimony of Sams and Wadsworth. In the absence of some contradiction, the proof that the deed executed by Sams and wife and delivered to Lambert had his name written therein as grantee, and contained a mortgage assumption clause, would seem to be little short of conclusive. Lambert did not take the stand to deny the testimony of appellant and his witnesses. It is true that Boles testified positively that the deed, when he received it, did not contain a mortgage assumption clause, and that Richardson testified that Boles so read it to him; but the testimony must be considered as a whole. The mere fact that there is a contradiction in the testimony of the witnesses for appellants does not necessarily determine the preponderance or weight of the testimony. In our opinion, appellants made out a prima-facie case, and, appellants having rested, judgment should have been entered against Lambert, as prayed. That a grantee who accepts a deed to land containing a clause by which he assumes and agrees to pay the incumbrances thereon as a part of the

purchase price is liable therefor to the mortgagee, is not disputed. On this point, see *Shult v. Doyle,* 200 Iowa 1.

The judgment and decree of the court below dismissing appellants' petition against Lambert must be reversed and remanded for judgment and decree in harmony with this opinion; or, upon the motion of either party, judgment may be entered in this court.—*Reversed and remanded.*

FAVILLE, C. J., and DE GRAFF and VERMILION, JJ., concur.