**FIRST NAT. BANK OF WOODBINE, IOWA, et al. v. HARRISON COUNTY, IOWA, et al.**

No. 9146.

Circuit Court of Appeals, Eighth Circuit.

Feb. 26, 1932.

Harry L. Robertson, of Council Bluffs, Iowa (Paul E. Robertson, of Council Bluffs, Iowa, on the brief), for appellants.

Paul E. Roadifer, of Council Bluffs, Iowa, for appellees.

Before KENYON and GARDNER, Circuit Judges, and REEVES, District Judge.

REEVES, District Judge.

This is an action in equity by the First National Bank of Woodbine, Iowa, and its stockholders, as plaintiffs, against Harrison county, Iowa, and the board of supervisors of said Harrison county, Iowa, as defendants.

The proceeding is for the recovery of an alleged illegal tax which, it is claimed, was imposed and collected during the years 1914 to 1918, inclusive.

The plaintiffs' bill contains averments of an assessment against said bank and its stockholders contrary to the provisions of section 548, title 12 of the United States Code (12 USCA § 548) relating to the subject of banks and banking. This section is 5219 of the United States Revised Statutes. Plaintiffs' bill was dismissed by the chancellor below, and an appeal has been prosecuted to this court.

While the evidence indicates an illegal discrimination in the levy and assessment of said taxes, yet by the stipulation of the parties that question is not now before the court.

The questions for our consideration are:

(a) Jurisdiction of the action; (b) whether individual members of the board of supervisors should have been made parties; (c) whether appellants should have asserted and maintained their rights before administrative boards of the state of Iowa at the time the alleged illegal assessment was made; (d) whether sufficient claims were filed before the proper authorities prior to the commencement of this action; and (e) whether the statute of limitations had run against a portion of the claims. It is only necessary to discuss a few of the above questions. Other facts will be stated, as they may become pertinent, in the course of this opinion.

■ 1. At the outset, we are concerned with a serious question as to the jurisdiction of the court. It is specifically alleged in the bill "that the said assessors of Woodbine, Iowa, and the other public officers above referred to in each of said years entered a so-called or purported assessment against the said shareholders of said First National Bank of Woodbine, Iowa, upon the alleged actual value of the shares of stock owned by each of said shareholders in said banking association, and that the amount of the total taxes on the shares at the valuation placed upon the said shares by said public officers, largely exceeded the value of the sum of $3,000 to-wit, the total sum of $8,524." No claim of an individual shareholder amounts to $3,000. In Sioux Falls National Bank v. Swenson (C. C.) 48 F. 621, loc. cit. 625, it was held that: "The tax assessed against the bank is separate and distinct from that assessed against the shareholders, and the tax assessed against one shareholder cannot be collected from another. If the tax collector should undertake to enforce the payment of the taxes complained of, he would proceed against the property of each shareholder separately for the tax due from him alone."

Jurisdiction of the court in the Swenson Case was denied because, as said by Judge Shiras, "while the joinder of separate and distinct claims or rights of action may be permitted under proper circumstances, for convenience' sake, and to prevent a multiplicity of suits, and to escape unnecessary costs, it is not permitted to add together the several and distinct money interests belonging to the litigants, in order to create a jurisdiction which does not otherwise exist." Walter v. Northeastern Railroad Company, 147 U. S. 370, 13 S. Ct. 348, 37 L. Ed. 206; Northern Pacific Railroad v. Walker, 148 U. S. 391, 13 S. Ct. 650, 37 L. Ed. 494.

■ 2. Although appellants seek a writ of mandamus against the board of supervisors of Harrison county, Iowa, "expressly directing and commanding said Board of Supervisors to direct the said County Treasurer to refund or pay back all of the said taxes as above stated, forthwith," yet such a proceeding is not supported by the authorities. In the first place, as said in Tyler County, Texas, et al. v. Town (C. C. A.) 23 F. (2d) 371, 373: "In no event would the court sitting in equity have jurisdiction to issue a writ of mandamus, which is one of the extraordinary legal remedies, nor would it have jurisdiction to issue the writ at law, except in aid of jurisdiction previously acquired, and after failure of the ordinary methods of execution."

■ In the next place, for the purposes of the writ of mandamus, the individual members of the board of supervisors should have been named. In United States ex rel. Lewis v. Boutwell, 17 Wall. 604, loc. cit. 607, 21 L. Ed. 721, the court said: "The office of a writ of mandamus is to compel the performance of a duty resting upon the person to whom the writ is sent. That duty may have originated in one way or in another. It may, as is alleged in the present case, have arisen from the acceptance of an office which has imposed the duty upon its incumbent. But no matter out of what facts or relations the duty has grown, what the law regards and what it seeks to enforce by a writ of mandamus, is the personal obligation of the individual to whom it addresses the writ. If he be an officer, and the duty be an official one, still the writ is aimed exclusively against him as a person, and he only can be punished for disobedience. The writ does not reach the office. It cannot be directed to it. It is, therefore, in substance a personal action, and it rests upon the averred and assumed fact that the defendant has neglected or refused to perform a personal duty, to the performance of which by him the relator has a clear right."

■ Moreover, the appellants are not entitled under the laws of Iowa to a money judgment in the alternative, as claimed. Section 7235 of the Iowa Code of 1927, relating to the subject of Refunding Erroneous Taxes, reads: "The board of supervisors shall direct the treasurer to refund to the taxpayer any tax or portion thereof found to have been erroneously or illegally exacted or paid, with all interest and costs actually paid thereon."

In Murphy v. Berry, 200 Iowa, 974, loc. cit. 978, 205 N. W. 777, it was held in following the case of Steele v. Madison County, 198 Iowa, 902, 200 N. W. 330, that such claimants were not entitled to maintain an action for a money judgment.

3. It is admitted in substance by the pleadings that while administrative remedies were provided under the Iowa law, yet the appellants had not resorted to such remedies before the institution of this action. In Nelson v. First National Bank of Sioux City, Iowa, 42 F.(2d) 30, 31, this court covered fully and fairly the question here raised and the ruling there made is adverse to the contention of appellants. Note the following language: "It is contended that the statutes of Iowa afford an adequate administrative remedy which the banks must exhaust before they can resort to a federal court. Unquestionably, all adequate administrative remedies must be exhausted before resort can be had to the courts. Gilchrist v. Interborough, 279 U. S. 159, 208, 49 S. Ct. 282, 73 L. Ed. 652."

No "peculiar facts" as in Munn v. Des Moines National Bank (C. C. A.) 18 F.(2d) 269, appear so as to relieve appellants of their duty to exhaust administrative remedies.

In view of the foregoing, it is unnecessary to discuss other questions raised on this appeal. The foregoing is sufficient to warrant the court in affirming the action of the chancellor below in dismissing appellants' bill.

Accordingly, the decree will be affirmed.