TAYLOR COUNTY FARM BUREAU, Appellee, v. BOARD OF SUPERVISORS of Taylor County et al., Appellants.

No. 42436.

FEBRUARY 6, 1934.

REHEARING DENIED OCTOBER 25, 1934.

938

Roger Warin, County Attorney, and J. M. Haddock, for appellants.

M. R. Brant, and Fletcher, Stephens, Swift & Wisdom, for appellee.

KINDIG, J.—In its petition filed in the district court, the plaintiff-appellee, the Taylor County Farm Bureau, sought to obtain a writ of mandamus commanding the supervisors of Taylor county, Iowa, to appropriate and deliver to it the sum of $2,000 for use by the farm bureau during the year 1933. By commencing this proceeding in mandamus, the appellee attempted to proceed under chapter 138 of the 1931 Code of Iowa. Section 2930 of that Code, among other things, provides:

"When articles of incorporation have been filed as provided by this chapter (sections 2924 and 2925 of the 1931 Code) and the secretary and treasurer of the corporation (Farm Bureau corporation) have certified to the board of supervisors of such county that the organization has at least two hundred bona fide members, whose aggregate yearly membership dues and pledges to such organization, amount to not less than one thousand dollars, the board of supervisors shall appropriate to such organization from the general fund of the county a sum double the amount of the aggregate of such dues and pledges."

It was to obtain from Taylor county the moneys contemplated by said section 2930 that the appellee in the case at bar applied to the supervisors. When such application was made, the supervisors refused to make the appropriation or deliver the money. To compel the supervisors to make the appropriation and issue the money, the appellee commenced this action in mandamus in the district court of Taylor county, Iowa. Whereupon the supervisors filed a motion to dismiss the appellee's petition in mandamus on

several theories. Among these theories are the following: First, that mandamus is not the proper remedy; second, that the treasurer of the farm bureau had not posted a bond, as required by section 2934 of the 1931 Code; and, third, that the farm bureau, as required by section 2932, has not certified to the board of supervisors the amount, if any, advanced to the association by the government of the United States for the ensuing year in aid of the objects of the association.

In addition to the foregoing grounds in the motion to dismiss are many others which it will be unnecessary to discuss. Upon the submission of the cause to the district court, that tribunal overruled the motion to dismiss, and the supervisors elected to plead no further, but to stand upon their motion. From the judgment there entered, the supervisors appeal.

I. It is earnestly argued by the supervisors that mandamus is not the proper remedy because a discretion was lodged in the supervisors. This discretion exists, the supervisors say, because it is necessary for them to find facts before they can allow or disallow the appropriation asked by the farm bureau.

On the other hand, it is contended by the appellee that the board of supervisors had no discretion in the premises. A duty was enjoined upon the board of supervisors by law, the appellee asserts, and therefore the mere fact that in the exercise of that mandate the supervisors may have been called upon to find preliminary facts does not change the situation.

Section 12440 of the 1931 Code provides:

"The action of mandamus is one brought to obtain an order commanding an inferior tribunal, board, corporation, or person to do or not to do an act, the performance or omission of which the law enjoins as a duty resulting from an office, trust, or station."

Following that section, and in explanation and modification thereof, is section 12441 of the same Code, which reads:

"Where discretion is left to the inferior tribunal or person, the mandamus can only compel it to act, but cannot control such discretion."

So the question involved at this point is whether or not the duty confronting the supervisors of Taylor county was one involving a discretion. The supervisors did act. If they had a discretion

in that action, the district court, under section 12441 above quoted, could not control it. But, on the other hand, if the board of supervisors, under the circumstances in question, were not clothed with a discretion but were enjoined by law to allow the appropriation contemplated by section 2930 of the 1931 Code, before quoted, then mandamus will compel them to make the appropriation contemplated. Assuming that the duty enjoined by the statute is ministerial, as distinguished from judicial, then the board of supervisors had no discretion. When considering a definition of ministerial and judicial functions, we said in First National Bank v. Hayes, 186 Iowa 892, reading on pages 901 and 902, 171 N. W. 715, 718:

"A ministerial act has been defined as 'one which a person or board performs upon a given state of facts, in a prescribed manner, in observance of the mandate of legal authority and without regard to or the exercise of his own judgment upon the propriety of the act being done.' * * * The 'distinction between merely ministerial and judicial or other official acts seems to be that, where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the act is ministerial, but where the act to be done involves exercise of discretion or judgment, it is not to be deemed merely ministerial. Discretion may be defined, when applied to public functionaries, as the power or right conferred upon them by law of acting officially under certain circumstances, according to the dictates of their own judgment and conscience, and not controlled by the judgment or conscience of others.' "

In the light of that definition, it is evident that the duty imposed upon the supervisors in the case at bar was ministerial, as distinguished from judicial. These supervisors had no power or right, under the law in question, to act "according to the dictates of their own judgment and conscience"; but rather, the duty enjoined upon the supervisors by this farm bureau law was to act according to the judgment of, and the rule of conscience fixed by, the legislature when prescribing the unbending duty of making the appropriation under the chapter of the Iowa Code now being considered. First National Bank v. Hayes, supra; Murphy v. Berry, 200 Iowa 974, 205 N. W. 777; Incorporated Town of Mapleton v. Iowa Light, Heat & Power Co. et al., 206 Iowa 9, 216 N. W. 683;

Lage v. City of Marshalltown, 212 Iowa 53, 235 N.W. 761; Steele v. Madison County, 198 Iowa 902, 200 N.W. 330; 38 Corpus Juris, subsection "b" of section 72, pages 597 and 598; 18 Ruling Case Law, 117, section 30; Andersen v. Superior Court, 187 Cal. 95, 200 P. 963, loc. cit. 964; Stephens v. Jones, 24 S.D. 97, 123 N.W. 705.

Although the supervisors were called upon to make a finding of mere preliminary facts before exercising their jurisdiction, that does not change the situation. "The fact that the determination by the officer as to what constitutes his duty calls for the construction of the statute imposing the duty does not prevent the duty from being a ministerial one and enforceable by mandamus." 18 Ruling Case Law, 117, section 30, supra. Accordingly the supreme court of California said, in Andersen v. Superior Court of California (200 P. 963), supra, reading on page 964:

"The mere condition that some question of fact must be determined before the court may act under a mandatory provision of law does not make the act dependent upon judicial discretion. No duty is enjoined by law which does not first require as a condition of its enforcement proof of the jurisdictional facts. The distinction *may sometimes be confusing, but it is substantial.*" (Italics supplied.)

So, too, the supreme court of South Dakota, in Stephens v. Jones (123 N.W. 705), supra, said, reading on page 708:

"The third contention of appellant is that mandamus is not a proper remedy under the circumstances of this case. The determination of this question depends upon whether or not the duties to be performed by the board of county commissioners and superintendent of schools under section 70, c. 135, p. 230, Laws 1907, are of a quasi judicial and discretionary nature, or whether such duties are purely ministerial; it being generally held that mandamus will not lie to control the exercise of official duties which are in their nature judicial and discretionary; while, on the other hand, mandamus does lie to compel performance of purely ministerial duties. High on Mandamus, section 80. Where the duty is such as necessarily requires examination of evidence and the decision of questions of law and fact, such a duty is not ministerial, but is a judicial or discretionary duty; *but an act is none the less ministerial because the person performing it may have to satisfy himself that the state of facts exist* under which it is his right and duty to perform the

act, and although in so doing he must to such extent construe a statute by which the duty is imposed. * * * That the duty is ministerial when it is to be performed upon a certain state of facts, although the officer or body must judge according to their best discretion whether the facts exist, and whether they should perform the act, seems to be the rule established by the weight of authority; *otherwise, it is obvious no mandamus could ever lie in any case against public officers.* A ministerial act or duty is one which is to be performed under a given state of facts, in a prescribed manner in obedience to the mandate of legal authority, and without regard to or exercise of the judgment of the one doing it upon the propriety of the act being done." (Italics supplied.)

Of course, if the officer is to use his discretion as to whether the relief should be granted, or if he is required to examine evidence and decide questions of law and fact, his duty then is judicial rather than ministerial. People v. Collier, 175 N. Y. 196, 67 N. E. 309; Bernstein v. City of Marshalltown, 215 Iowa 1168, 248 N. W. 26, 86 A. L. R. 782; Cecil v. Toenjes, 210 Iowa 407, 228 N. W. 874; Clay v. Independent School District of Cedar Falls, 187 Iowa 89, 174 N. W. 47. It is plain in the case at bar that the legislature has not conferred a discretion upon the board of supervisors when authorizing it to determine whether or not the farm bureau is to obtain the appropriation. Nor has the legislature imposed upon the supervisors the duty of weighing evidence and determining matters of law and fact. On the other hand, the legislature specifically enjoined the supervisors to make the appropriation as provided in section 2930 of the 1931 Code. The fact that mere preliminary findings must be made, does not alter the case as indicated by the decisions above cited. A contention is made by the supervisors that Preston v. Board of Education, 124 Iowa 355, 100 N. W. 54, is contrary to this conclusion. When that case is carefully read, however, it will become apparent that there is no conflict. There was involved in the Preston case a controversy over a school district, and the only method of reviewing the facts was by an appeal to the county superintendent. Consequently, mandamus was not the proper remedy. Other cases are cited by the supervisors, but each one of them, after a careful study, has been found to be inapplicable.

Under the circumstances, therefore, it is our conclusion that mandamus in the case at bar was a suitable remedy, assuming that the petition contained the necessary allegations therefor.

■ II. Our attention now will be directed to the motion to dismiss filed by the supervisors. It is claimed that the appellee's petition is insufficient because it did not set out the fact that a bond had been posted by the farm bureau treasurer, as before stated.

Section 2934 of the 1931 Code contains the following provision:

"The treasurer of such association (a Farm Bureau) shall give a bond with proper sureties. The amount of such bond shall be fixed by the board of directors but shall not be less than five thousand dollars nor less than double the amount likely to come into his hands at any time. Such bond shall be filed with and approved by the county auditor and recorded without fee."

The funds to be delivered to this treasurer come from the state and the national government. A precaution is taken by the legislature to safeguard these funds by the requirement of a bond. These provisions of the statute are mandatory. See Jefferson County Farm Bureau v. Sherman, 208 Iowa 614, 226 N. W. 182. Nowhere does it appear in the appellee's petition that the bond has been furnished. If this public money is delivered to the appellee without bond, the bond might never be furnished, and the statute thereby would become a nullity. Manifestly it is not the purpose of the statute that the money is to be delivered first and the bond posted afterward. In the meantime, there might be a loss for which there would be no bond to protect the public. Such risk the legislature did not intend the public to bear.

Obviously the money should not be delivered by the county officers to the farm bureau until the bond is furnished. An appropriation, as contemplated by section 2930 of the 1931 Code, before mentioned, should not be made by the supervisors until they know that the bond in question is furnished. Because, therefore, the appellee's petition failed to include an allegation that the bond already has been furnished, the pleading is defective, and a writ of mandamus will not be issued to compel the supervisors to act without the bond.

III. Furthermore, it is required by section 2932 of the 1931 Code that "the president and the secretary of the association (the Farm Bureau) shall, prior to the time of advancing any funds, as herein provided, certify to the board of supervisors the amount, if any, advanced to the association by the government of the United States for the ensuing year in aid of the objects of the association."

In the case at bar the certificate, as set out in the appellee's petition, was fatally defective in that it did not, in fact, certify to the board of supervisors the amount advanced to the association by the government of the United States for the ensuing year. According to the certificate, the Iowa State College of Agriculture and Mechanic Arts and the United States Department of Agriculture will advance $600 for the current year. It does not appear, however, what proportion will be advanced by the United States government and what part is to be furnished by the Iowa State College of Agriculture and Mechanic Arts. Although the petition does contain a general conclusion that the statute has been complied with, that does not aid the pleader in the face of the motion to dismiss. See Benton v. Morningside College, 202 Iowa 15, 209 N. W. 516. According to the Benton opinion, reading on pages 21 and 22:

"We conceive the rule to be that, where the facts which lead to a logical conclusion are recited in full, a pleading so setting out the facts, followed by the conclusion of the pleader, is a proper pleading, but the setting out of the conclusion without facts supporting it makes a bad plea."

In the case before us the appellee does not set out the necessary facts before it draws its conclusion. Consequently the petition is defective. Because the petition is defective in the matters suggested, the writ of mandamus should not be issued. For reasons sufficient unto itself, the legislature desired the farm bureau to certify to the supervisors the amount advanced to the association by the government of the United States for the ensuing year in aid of the objects of the association. This information must be certified prior to the time that the supervisors are to make the appropriation contemplated by section 2930 above mentioned. Without the certificate, the supervisors could not make the appropriation.

Wherefore, the judgment and decree of the district court must be, and hereby is, reversed.—Reversed.

CLAUSSEN, C. J., and STEVENS, ALBERT, ANDERSON, MITCHELL, KINTZINGER, and DONEGAN, JJ., concur.

EVANS, J., takes no part.