APPANOOSE COUNTY FARM BUREAU, Appellee, v. BOARD OF
SUPERVISORS et al., Appellants.

No. 42455.

OCTOBER 16, 1934.

H. G. Guernsey, County Attorney, and Fee & Milani, for appellants.

Earl F. Wisdom, and Edward L. Simmons, for appellee.

STEVENS, J.—■ The defendant will be referred to in this opinion as the appellant. On June 30, 1933, the proper officers of the appellee corporation filed a certificate of membership showing an aggregate of 239 *bona fide* members. Appellant declined to make an appropriation for the benefit of appellee upon numerous grounds, principal among which was that it did not have a *bona fide* membership of 200 and, therefore, under the statute was not entitled to receive an appropriation from the county. The proposition is argued at much length and with great earnestness on both sides.

Section 2930 of the Code of 1931 prescribes the terms and conditions upon which farm bureau corporations may receive appropriations from counties. This statute is as follows:

"When articles of incorporation have been filed as provided by this chapter and the secretary and treasurer of the corporation have certified to the board of supervisors of such county that the organization has at least two hundred bona fide members, whose aggregate yearly membership dues and pledges to such organization, amount to not less than one thousand dollars, the board of supervisors shall appropriate to such organization from the general fund of the county a sum double the amount of the aggregate of such dues and pledges. Such sum shall not exceed, in any year, a total of five thousand dollars in counties with a population of twenty-five thousand or over, nor a total of three thousand dollars in counties with a smaller population; provided that in counties holding court in two cities and having a population greater than sixty thousand wherein two farm aid associations have been organized and shall have qualified under this law for the appropriations, the total appropriations in any one year shall not exceed seven thousand dollars."

The sufficiency of the certificate filed on June 30, 1933, is opposed on other grounds to which reference will be made a little later. The statute is not as specific and definite in its language as might well have been possible, but it is, nevertheless, without ambiguity. Purported articles of incorporation of the appellee bureau were on file in the proper county office of Appanoose county. The certificate of the proper officer filed in pursuance of the provisions

of the foregoing statute recites that the corporation has 239 *bona fide* members. Evidence was introduced by appellant for the purpose of showing that the *bona fide* membership of appellee was less than 200, the number necessary to entitle it to the appropriation sought. The court found that the aggregate *bona fide* membership was substantially less than 239, but it exceeded 200, and that appellee was entitled to an appropriation from the county of $2,190, and granted the writ prayed for by appellee. The question raised and discussed by the respective parties to this action has, in effect, if not in terms, already been passed upon by this court. The question is: May the board of supervisors question the number of *bona fide* members of a farm bureau association as certified by its proper officers? In other words, is the certificate provided for in section 2930 of the Code as to the number of *bona fide* members of the association conclusive and binding upon boards of supervisors? The trial court held that it was *prima facie* evidence of that fact only and that evidence was admissible on behalf of appellant to negative the recitals of the certificate. It will be observed that the word "shall" is used constantly in the statute. The language, therefore, on its face is mandatory in form. Upon the filing of the required certificate, " * * * the board of supervisors *shall* appropriate * * *." The affirmative duty imposed upon boards of supervisors is upon the filing of the required certificate to make the appropriation. Nothing is left to its discretion. Likewise, the duty imposed upon the officers of the farm bureau corporation is mandatory and must be performed in the light of the provisions of section 2937, which makes any officer of such association knowingly making a false or incorrect certification guilty of a misdemeanor and punishable as such. The duty resting upon the officers of the farm bureau corporation is thus made clear and definite and, no doubt, was deemed sufficient by the legislature to assure accuracy and honesty on the part of the corporation's officers. The term "*bona fide* members", as used in the statute, has a definite and well-understood legal significance. It means in good faith—honesty as distinguished from *mala fide*—bad faith.

Article V of the articles of incorporation of appellee association provides as follows:

"Any citizen of the county and any non-resident owning land in the county shall have the right to become a member of the cor-

poration by paying the annual dues and thereafter complying with the articles and by-laws of the corporation."

The purpose, as defined by statute for the incorporation of farm bureaus as expressed in section 2924, is " * * * improving and advancing agriculture, domestic science, animal husbandry, and horticulture * * *." Only members of corporations who become such in compliance with the terms and provisions of the articles of incorporation and by-laws thereof and who in good faith intend performance of the obligations imposed and compliance with the statutory purpose of the organization can be *bona fide* members. Their intention must be to become members, to pay the dues, and to unite with the membership in general to in good faith promote the ends and purposes of the organization. The duty of the officers signing certificates to be used for the purpose of obtaining the appropriation of county funds is to ascertain who are and to certify only to the aggregate number of *bona fide* members of the association. This is but the expression of the good faith expected by the legislature of the officers of the associations in question. A sufficient safeguard has, therefore, been provided by law for the protection of boards of supervisors and taxpayers against any possible form of imposition, if such should be attempted.

A writ of mandamus issues only to command the performance of a ministerial duty. The right thereto does not exist where the act sought to be enforced involves matters of discretion. An examination and determination by boards of supervisors of the *bona fides* of the membership, as shown by the certificate filed under the provisions of section 2930, would involve decision of questions both of fact and of law.

While the precise point under discussion was not involved in the cases presently to be cited, the construction of the statute was necessary to the conclusion reached. Although, as stated, the precise point now being considered was not directly involved therein, the court in Blume v. Crawford County, 217 Iowa 545, 250 N. W. 733, 92 A. L. R. 757, did indicate very broadly that the duty imposed upon boards of supervisors to make the designated appropriation upon compliance with the statute by a farm bureau corporation is mandatory.

The court went further in its decision in Taylor County Farm Bureau v. Board of Supervisors, 218 Iowa 937, 252 N. W. 498, than merely to hold that the duty imposed upon boards of supervisors

was mandatory. One of the propositions disclosed and decided in that case was that mandamus will lie to compel boards of supervisors upon compliance by farm bureau corporations with the provisions of section 2930 of the Code to make the appropriation designated therein. The court, in the course of the opinion, drew a careful distinction between matters in which some discretion on the part of a public officer in the performance of his duties is involved and where the duty imposed is ministerial only. The conclusion announced in that case necessarily involved the interpretation of section 2930 and the determination by the court of the very point now under discussion. The court there held that no discretionary authority is conferred upon boards of supervisors by the statute in such cases and that the act referred to be performed is in no sense judicial in character. The conclusion, therefore, reached in that case is decisive and disposes of the contention of appellant that the certificate in question is *prima facie* evidence only of the number of *bona fide* members. It is conclusive upon boards of supervisors.

■ A motion to dismiss appellee's cause of action was filed by appellant at the conclusion of plaintiff's evidence. This was after answer had been filed and the motion cannot be treated in any sense as an equitable demurrer to the petition. The statute makes no provision for a motion to dismiss a cause of action in equity at the conclusion of the plaintiff's testimony. Bridges v. Sams, 202 Iowa 310, 202 N. W. 558. The propositions recited in the motion and grounds therefor are proper, however, to be considered as bearing upon the sufficiency of the evidence and the propositions of law involved.

■ First it is suggested that the evidence failed to prove that appellee is legally incorporated. The contention of appellant at this point is bottomed upon the thought that the purported amendment of the articles of incorporation to conform to certain amendments to the statute was not done in conformity to law. It is true that the purported amendment to the articles of incorporation is denominated "Amended and Substituted Articles of Incorporation." The document thus designated was quite obviously intended as an amendment to the articles of incorporation previously adopted with reference to annual dues. We think it clear that it was not the intention of the association to, in fact, substitute new articles or to form a new corporation, only to amend the existing articles. If such had been the intention, the amendment would be void for want

of proper authentication. It is true that the amendment does not recite the details of the notice given to members, nor the procedure followed, but it is stated generally therein that the action was taken upon due notice being given. In the absence of attack, the recital sufficiently complied with the law.

 The certificate filed by appellee does not state that the association was organized to co-operate with the state department of agriculture, etc. The statute provides for aid only to associations organized for the purpose stated, but does not, in terms at least, require that this fact be included in the official certificate to be filed with the board of supervisors.

 It is further contended by appellant that a writ of mandamus should not have been decreed by the court for the reason that the certificate of membership filed by appellee was insufficient because of its failure to state the amount contributed to it by the United States government. The certificate did allege in general terms that the Iowa State College of Agriculture and Mechanic Arts and the United States Department of Agriculture were advancing $600 for the current year, contingent upon the necessary legislative appropriations. The petition in general terms alleged that the plaintiff in all ways complied with the conditions prescribed by law and necessary to procure the appropriation sought. The proof disclosed that the $600 referred to in the certificate of membership was advanced by the college and that nothing was paid by the United States government. The failure of the petition to make the necessary allegations was not attacked by a motion to dismiss and, therefore, it must be deemed sufficient. It was necessary for appellee to allege and prove the amount advanced to the association by the United States government. As stated, sufficient proof was introduced on this point. The basis of the holding in Taylor County Farm Bureau v. Board of Supervisors, supra, is that the motion to dismiss was filed in due time and should, therefore, have been sustained; that plaintiff's failure in that case to make the proper allegation in its petition was fatal. In the absence of some attack upon the petition not subsequently waived, the petition in this case must be held sufficient and, therefore, the contention of appellant, as to the sufficiency of the allegations of the petition and the proposition of law advanced in connection therewith, cannot be sustained.

One further contention relied upon by appellant is that the petition does not allege that the bond required by section 2934 of

the code was on file. The evidence did disclose that a bond in the sum of $5,000 was on file and had been approved. This, apparently, was sufficient in amount.

Other propositions urged and relied upon by appellant for reversal have been given full and careful consideration. The court is of the opinion that they present no ground for reversal. It follows that, for the reasons stated, the decree below should be modified so as to require an appropriation in the full amount demanded. It is so ordered.—Affirmed on plaintiff's appeal; modified and affirmed on defendant's appeal.

MITCHELL, C. J., and CLAUSSEN, ANDERSON, and KINTZINGER, JJ., concur.