H. H. PHINNEY et al., Appellants, v. M. C. MONTGOMERY et al., Appellees.

No. 42555.

NOVEMBER 13, 1934.

Thomas J. Bray, for appellants.

Arlo W. Palmer, for appellees.

KINTZINGER, J.—This is an action in mandamus commenced by the trustees of the County Hospital of Mahaska county, to compel the board of supervisors of that county to direct the county auditor to issue warrants to pay two accounts for expenses incurred by the hospital trustees. The first, for $121 for graduating pins purchased from a jewelry store by the hospital trustees for the graduating nurses of the Hospital Training School in 1933; the second, for $12 for two annual subscriptions of the Oskaloosa Daily Herald, for the use of hospital patients. The correctness of the amounts, or reasonableness of the claims, is not disputed, and it is conceded that both claims were duly certified by the trustees of the hospital as correct, and filed with the county auditor.

The petition alleges, and the evidence shows, that the pins were furnished graduate nurses pursuant to an agreement between them and the trustees of the hospital, at the time they entered the training school; that under the agreement, the board of trustees agreed to give the graduating nurses $10 per month, board and room, a gold pin and a diploma on their graduation, as compensation for services performed while in the training school. The evidence shows that the pins were part of the compensation agreed upon for their services during their three years' attendance at the training school.

The issues presented in the lower court are stated in the petition substantially as follows: That for some time there had been a disagreement between plaintiffs and defendants as to their respective powers and duties in respect to the maintenance and operation of the hospital, and in the disbursement of the hospital funds. The trustees contend that after claims against the hospital have been *certified to the supervisors as correct, by the hospital trustees*, it becomes the duty of the board of supervisors to direct the county auditor to draw warrants for their payment; while the board of supervisors contends that they have a right to determine whether or not such claims should be paid and to withhold direction of the

payment thereof; and that under section 5358 of the Code, the board of supervisors is required to pass upon and determine the legality of all claims certified by the hospital trustees.

That such were the issues presented in the lower court and recognized by both parties is shown by an agreed stipulation, in part as follows:

"It is further agreed and conceded that both the plaintiff board of trustees and the defendant board of supervisors *desire in the judgment to be entered in this action for the court to determine their respective rights, duties and powers,* so that controversies pertaining thereto in the future may be obviated and done away with."

The lower court held that the provisions of section 5358 are not mandatory, but give the board of supervisors a discretionary power to pass upon such claims, and denied the application for a writ of mandamus. Hence this appeal.

I. The record shows that it was understood and agreed between the prospective nurses and the hospital, when said nurses entered the training school, that each of them was to receive as part of their compensation for services performed during their training, a nurse's pin at their graduation, in addition to $10 per month, and board. The board of supervisors, for the preceding twelve years, had always directed the county auditor to issue warrants for similar expenses, after they were certified as correct by the hospital trustees. A dispute finally arose between the hospital trustees and the board of supervisors as to their respective powers and duties in reference to expenses incurred in the maintenance and operation of the hospital, and the disbursements of the hospital funds.

Section 5358 of the Code provides as follows:

"The county treasurer shall receive and disburse all funds under the control of said board of trustees, the same to be paid out only upon warrants drawn by the county auditor by direction of the board of supervisors after the claim for which the same is drawn has been certified to be correct by the said board of trustees."

Appellees contend that, because the hospital funds can be paid out only upon warrants drawn *"by direction of the board of supervisors"*, a discretion is necessarily lodged in the board of supervisors to pass upon all expenses incurred by the hospital. The only question to be decided, therefore, is whether or not it becomes the

mandatory duty of the board of supervisors, under section 5358, to direct the county auditor to issue warrants in payment of expenses incurred in the management and operation of the hospital after claims therefor have been duly certified as being correct, by the hospital trustees; or whether the board of supervisors has a right to pass upon the correctness of the claims filed.

County public hospitals are established and maintained under the provisions of chapter 269 of the Code. It is conceded that the plaintiff appellants are the duly elected and qualified trustees of the Mahaska county hospital, and that the hospital was established and is being operated under the provisions of chapter 269.

Sections 5359 and 5360 of this chapter place the control, management, and operation of the hospital in the hands of the hospital trustees. They authorize the trustees: "1. To purchase, * * * provide and equip * * * hospital buildings. 2. To adopt plans and specifications * * * for all. * * * buildings and equipment, and advertise for bids, * * * before making any contract for the construction of * * * building or the purchase of * * * equipment. 3. *To have general supervision and care of such grounds and buildings. 4. To employ a superintendent, a matron, and necessary assistants and employees, and fix their compensation.* 5. To have control and supervision over the physicians, nurses, attendants, and patients in the hospital. * * * 9. To fix at its regular August meeting in each year, the amount necessary for the improvement and maintenance of the hospital during the ensuing year, and cause the President and Secretary to certify the same to the county auditor before September first of each year. 10. To file with the Board of Supervisors during the first week in January of each year, a report covering their proceedings with reference to such hospital, and a statement of all receipts and expenditures during the preceding calendar year."

Section 5360 authorizes the trustees: "1. To adopt by-laws and rules for its own guidance and for the government of the hospital. 2. *To establish and maintain in connection with said hospital a training school for nurses.*"

The foregoing provisions are set out at length to show the intent of the legislature in respect to the control and management of the hospital. It seems clear, from the language of these statutes, that it was the intention of the legislature to place the entire control

and management of the county hospital in the hands of the hospital trustees. The purchase of the grounds, the construction and equipment of buildings, the making of the contracts therefor, the supervision of the grounds and buildings, the employment of the necessary employees, and the fixing of their compensation, are, by the foregoing statutes, fully intrusted to the board of hospital trustees. It would seem impossible for the trustees to enter into contracts for such expenditures, if the board of supervisors has the authority to pass upon expenses incurred therefor, after the work has been completed and the contracts fully performed.

There is no provision in these statutes authorizing the board of supervisors to pass upon claims for expenses incurred by the trustees in the management and operation of the hospital. This duty, by the clear implication of the statutes, is placed entirely in the hands of the hospital trustees.

Section 5353 of the Code provides that the board of supervisors, at the time of levying ordinary taxes, shall levy a tax not to exceed two mills in any one year for the erection and equipment of the hospital, and also a tax not to exceed two mills for the improvement and *maintenance of the hospital, as certified by the board of hospital trustees.* Section 5358, above quoted, describes the manner in which these funds shall be withdrawn. The proceeds of the taxes levied under section 5353 constitute the county hospital fund. Section 5358 gives the board of supervisors no control whatever over these funds except directing the auditor to draw warrants in payment of claims duly certified as correct by the hospital trustees. Although the hospital funds themselves are under the control of the board of hospital trustees, it is clear that the method of their withdrawal, as pointed out by section 5358, is purely for the purpose of maintaining a proper check upon the funds. While these funds are under the control of the hospital trustees, they can be withdrawn only upon warrants drawn by the county auditor *by the direction of the board of supervisors,* after the claims for which they are drawn have been *certified to be correct by the hospital trustees.* Under these provisions of the law, it seems to be the duty of the board of supervisors to direct the drawing of warrants for the payment of claims when certified to be correct by the board of hospital trustees.

A writ of mandamus should issue to command the performance of a purely ministerial act. It is conceded that if the action

sought to be enforced involves a matter of discretion with the supervisors, an action in mandamus would not lie. If the acts required of the board of supervisors by section 5358 relate only to the performance of a ministerial duty, then it would be incumbent upon the board to direct the issuance of a warrant by the county auditor, for the payment of claims when the correctness thereof has been duly certified as correct by the hospital trustees.

In First National Bank v. Hayes, 186 Iowa 892, loc. cit. 901, 171 N. W. 715, 718, in defining a ministerial act, we said:

"A ministerial act has been defined as 'one which a person or board performs upon a given state of facts, in a prescribed manner, in observance of the mandate of legal authority and without regard to or the exercise of his own judgment upon the propriety of the act being done.' * * * The 'distinction between merely ministerial and judicial or other official acts seems to be that, where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the act is ministerial, but where the act to be done involves exercise of discretion or judgment, it is not to be deemed merely ministerial. Discretion may be defined, when applied to public functionaries, as the power or right conferred upon them by law of acting officially under certain circumstances, according to the dictates of their own judgment and conscience, and not controlled by the judgment or conscience of others.' "

The claims involved in this action have been duly certified as correct by the hospital trustees, and no question is raised as to the reasonableness thereof. If it is discretionary with the board of supervisors to pass upon the claims in question, they would have a right to pass upon all other claims and expenses incurred in the management and control of the hospital. This could not have been the legislative intent. The record shows that the expenses incurred by furnishing graduation pins was part of the compensation agreed upon between the hospital and the nurses. This expense was therefore fully authorized under the law. The claim based on the newspaper subscription was also fully warranted as a legitimate hospital expense in providing current reading matter for patients.

In the light of the definition of a ministerial act, above referred to, it is clear that the act of the board of supervisors, referred to in section 5358, is clearly ministerial, when considered in connection

with the powers and duties reposed in the hospital trustees under the statutes above referred to. While the precise point raised in this case has not been decided by this court, we think it has support in the following cases: First National Bank v. Hayes, 186 Iowa 892, 171 N. W. 715; Taylor County Farm Bureau v. Board of Supervisors, 218 Iowa 937, 252 N. W. 498; Blume v. Crawford County, 217 Iowa 545, 250 N. W. 733, 92 A. L. R. 757; Appanoose County Farm Bureau v. Board of Supervisors, 218 Iowa 945, 256 N. W. 687.

As the statutes relating to county hospitals place their entire management and control in the hospital trustees, and as there is no provision in our statutes authorizing the board of supervisors to pass upon expenditures incurred by the hospital, and as the hospital funds in the hands of the county treasurer are under the control of the hospital trustees, and as there is no other method of withdrawing these funds to pay hospital expenses except by warrants drawn at the direction of .the board of supervisors after the claims have been certified as correct by the hospital trustees, we are constrained to hold that the duty of the board of supervisors in directing the issuance of warrants to pay such claims is purely ministerial. The only manner in which these funds can be withdrawn is by warrants directed by the board of supervisors. Section 5358 simply provides the method by which the hospital funds can be withdrawn. The statute leaves them no discretion, but clearly implies that when the correctness of the expenses of the hospital have been duly certified by the hospital trustees, it becomes the duty of the board of supervisors to direct the auditor to issue warrants therefor.

II. Appellees contend here for the first time that the board of trustees of the hospital are not proper parties because the creditors are the real parties in interest, and that if a writ of mandamus be the proper remedy, it would not lie in favor of the appellants. They also contend that it would not lie in favor of creditors, because they would have an adequate remedy at law. These questions were not raised at the trial in the lower court, either by demurrer, motion, answer, or otherwise, and as they are presented here for the first time, they cannot be considered. It is the settled rule of law in this state that an issue not raised below cannot be raised or presented for the first time on appeal. New Amsterdam Cas. Co. v. Bookhart, 212 Iowa 994, 235 N. W. 74, 76 A. L. R. 897; Carlson v. City of Marshalltown, 212 Iowa 373, 236 N. W. 421; Duncan v. Rhomberg, 212 Iowa 389, 236 N. W. 638; Norman v.

Bennett, 216 Iowa 181, 246 N. W. 378; Page & Crane Lumber Co. v. City of Clear Lake, 208 Iowa 735, 225 N. W. 841; Donaldson v. Kenegy, 197 Iowa 893, 196 N. W. 587; Anderson v. Acheson, 132 Iowa 744, 110 N. W. 335, 9 L. R. A. (N. S.) 217; Coe v. Anderson, 92 Iowa 515, 61 N. W. 177; Lenoch v. Yoss, 157 Iowa 314, 136 N. W. 542. The question of a defect of parties cannot be considered on appeal, where not presented to the trial court. Weitz' Sons v. U. S. Fidelity & Guaranty Co., 206 Iowa 1025, 219 N. W. 411; Kirkwood v. Perry Town Lot & Improvement Co., 178 Iowa 248, 159 N. W. 774.

Without determining the merits of the contention made, it is sufficient to say that they cannot be urged for the first time on appeal.

For the reasons pointed out, we are constrained to hold that the writ prayed for should have been issued. The decree of the lower court is therefore reversed, and the case remanded for a decree in harmony herewith.—Reversed and remanded.

MITCHELL, C. J., and STEVENS, CLAUSSEN, and ANDERSON, JJ., concur.