## McGinty v. The City of Keokuk.

1. **Jurors:** COMPETENCY: CITY TAX-PAYERS IN ACTION AGAINST CITY. In an action against a city, persons who are chargeable with city taxes should be excluded from the jury upon plaintiff's challenge.

2. **Jury:** TAKING PLEADINGS TO JURY ROOM. Where the jury was properly instructed as to the issues, it was neither erroneous nor prejudical to direct them to take the pleadings with them to the jury room.

3. ———: FORM OF VERDICT: IF ERROR, NO PREJUDICE. The verdict returned by the jury was the form written by the court and given in the instructions, filled up with the amount found for plaintiff, and signed by the foreman. *Held* that there was no error in this, or, if there was, it was cured by each juror's assenting to the verdict upon being polled.

4. **Cities and Towns:** INJURY ON SIDEWALK: CONTRIBUTORY NEGLIGENCE. Where plaintiff knew that the walk in question was unsafe, and that it was imprudent to pass over it on account of the darkness, but she still persisted in passing over it, though there was another safe walk which she might have taken in the direction she desired to go, she was guilty of contributory negligence, and cannot recover for the injury to which her negligence contributed. *Parkhill v. Town of Brighton*, 61 Iowa, 103, followed.

*Appeal from Lee District Court.*

THURSDAY, SEPTEMBER 24.

ACTION to recover for personal injuries sustained by plaintiff from a fall, caused by her slipping into a hole in a sidewalk over which she was passing at the time. There was a verdict for plaintiff, and judgment thereon. Defendant appeals.

*W. T. Rankin* and *McCrary & Hagerman*, for appellant.

*Miller & Son*, for appellee.

BECK, CH. J.—I. Challenges to certain jurors on the ground that they were tax-payers of the city were sustained.

McGinty v. The City of Keokuk.

**1. JURY: challenge: city tax-payers in action against city.** This ruling was complained of, defendant insisting that it was not made to appear that the jurors paid city taxes. We think that the plain meaning of the responses of the jurors to questions asked them touching their qualifications is to the effect that they paid city taxes. Doubtless the district court so understood their responses, and no effort was made on the part of counsel for defendant to show that the jurors did not pay city taxes.

II. The jury were directed by the court to take with them, upon retiring to consider of their verdict, the pleadings in the case. This is made the foundation of an objection. As the jury were correctly instructed as to the issues in the case, and no ground for the objection appears, we do not think the record shows the court's action in this regard to be erroneous and prejudicial.

**2. ——: taking pleadings to jury room.**

III. The verdict returned by the jury was the form given them by the court in its instruction, filled up with the amount found for plaintiff, and signed by their foreman. The record shows that the jury was polled, and each answered that the verdict was his. It is insisted that the verdict does not comply with the law, in that it was not written out by one of the jury. We see no force in this objection. The jury were authorized to adopt the writing of the judge, and the signature of their foreman, with their assent, made it their verdict. And if it be conceded that the form of the verdict was irregular, the response of each juror upon being polled, assenting to it, cured the irregularity.

**3. ——: form of verdict: if error, no prejudice.**

IV. The defendant requested the court to give an instruction in the following language, which was refused: "(9) If you find from the evidence that the plaintiff, at the time that she passed over the walk, well knew that the walk was unsafe, and that it was imprudent to do so at that time in consequence of darkness, or for

**4. CITIES and towns: injury on sidewalk: contributory negligence.**

any other cause, and with this knowledge she still persisted in passing over it, though there was another walk which she might have taken in going in the direction which she desired to go, then her own negligence contributed to the injury, and she cannot recover." This precise instruction was approved by a majority of the court in *Parkhill v. Town of Brighton*, 61 Iowa, 103. But counsel for plaintiff insist that, as there was no evidence to which the instruction was applicable, in that there was no proof tending to show that there was another route of safety which plaintiff could have taken, it was not error to refuse it. We do not concur in this statement of fact. We think the abstract does contain evidence tending to show that there was another sidewalk and path, used by persons going in the direction plaintiff was walking, which was not dangerous from want of repairs. We think the court erred in refusing the instruction.

V. The eleventh instruction, given on the court's own motion, is not clear, and may be regarded as contradictory in its language. It is also erroneous in holding that knowledge of the defect in the walk, which caused plaintiff to fall, would defeat recovery by her. But this error was against plaintiff. It is insisted by defendant that, as the evidence shows that plaintiff did know of the defect, the verdict was against the instruction. It is unnecessary to determine this point, as the error in the instruction, and its defects on account of want of clearness, and for conflict in its language, will be noticed and corrected upon another trial. Other objections to the judgment need not be considered.

For the error above pointed out the judgment of the district court is

REVERSED.