THE JASPER COMPANY, INC. et al., Appellee, v. NICK STERGIOS et al.; VERDA M. STERGIOS, Intervener, Appellant.

No. 46040.

August 11, 1942.

Rehearing Denied November 27, 1942.

Audley W. Johnson and O. D. Nickle, both of Sioux City, for appellant.

Fred H. Free, Francis L. Free, and Robert J. O'Connor, all of Sioux City, for appellee.

Wennerstrum, C. J.—Appellee commenced an action in replevin on June 27, 1938, in the name of "The Jasper Company, Inc.," the petition stating, with other allegations, that it was a corporation organized and existing under the laws of the state of Iowa. The appellee sought possession of certain personal property then claimed to be held by Nick Stergios. Verda M. Stergios, wife of Nick Stergios, thereafter intervened in the proceedings, claiming that she was the owner of the personal property in question. She asserted that she became the owner by purchasing it from her husband, who previously had obtained title to it from "The Jasper Company, Inc." and Steve Jasper, the owner of the company. Innumerable pleadings were filed in this action, there being several substituted and amended petitions and an amendment to the answer to the general petition, and also a substituted petition of intervention. Upon the trial of this case a verdict was returned for the plaintiff, "* * * Steve Jasper, doing business under the trade name of The Jasper Company, Inc., and against the intervener, Verda M. Stergios, and award the plaintiff possession of the personal property involved in this case." The trial court entered judgment upon

the verdict of the jury and Verda M. Stergios, as intervener has appealed.

This litigation has heretofore been before this court, in the case of The Jasper Company, Inc. v. Stergios, 228 Iowa 601, 292 N. W. 855.

The defendant Nick Stergios asserted as defenses: (1) That by reason of misrepresentations on the part of the Jasper Company and Steve Jasper he was damaged to the full amount of the value of the furniture and fixtures; (2) that by partial payments and agreed damages he purchased the property in question; (3) that he purchased the entire stock of furniture and fixtures and secured a bill of sale; (4) that the Jasper Company, Inc. was not a corporation, that its charter had been forfeited, and that it was without authority to sue or transact business as such; that the original corporation plaintiff, "The Jasper Company, Inc.," must prove the right and possession of the property in question as of the date of the levy of the writ; that a sole stockholder has no right to be substituted as plaintiff in a replevin action by means of an amendment to the pleading alone after a levy of a writ of replevin has been issued in a proceedings commenced in a corporation's name.

As previously stated, innumerable pleadings were filed in connection with this action, among the latter of which was an amendment to the second amended and substituted petition of the appellee wherein there was struck from a prior pleading the statement, "That plaintiff is a corporation duly organized and existing under the laws of the State of Iowa * * *" and substituted in lieu thereof in part the statement to the effect:

"That The Jasper Company, Inc., was organized as a corporation under the laws of the State of Iowa, * * * that the President of the corporation was * * * Steve Jasper, and that the said Steve Jasper held all of the stock and the entire interest of said corporation; * * * that * * * the said Steve Jasper leased certain property, which is the subject matter of this action in replevin, signing said lease, The Jasper Company, Inc., by Steve Jasper, President; that said property was leased to the defendant, Nick Stergios * * *; that said defendant, Nick Stergios refused to return said property, and this present action

was instituted by the undersigned Steve Jasper in the year 1938 * * *; that the said Jasper Company, Inc., was the sole property of the said Steve Jasper and upon the cancellation of its charter, all of its property passed to the said Steve Jasper, who is now the owner thereof; and the said Steve Jasper has adopted and now adopts as his trade name The Jasper Company, Inc., and The Jasper Company, Inc. is the undersigned, Steve Jasper.''

A motion to strike this last amendment to the substituted petition and amendments thereto was filed by the intervener, Verda M. Stergios, asserting that it was an abuse of discretion on the part of the court to permit the filing of this amendment and further asserting that there was no plaintiff properly before the court, that there was no action and pleading on file to support the action in replevin, and that there was no authority that would permit appellee's replevin action to be thus prosecuted by an amendment. The record does not show a ruling upon this motion although the answer filed by the defendant Nick Stergios is to the effect that the same was filed for the purpose of complying with the order of court requiring him to answer.

The assignments of error in this court relate, in the main, to the corporate character of the appellee. These assignments are (1) that the court erred in overruling intervener's motion for a directed verdict on the ground that the action was originally instituted by a corporation that was not the owner of the property; (2) that the court erred in holding that the evidence was sufficient to sustain the verdict of the jury; that said verdict was contrary to the law because it was rendered in favor of Steve Jasper, doing business as The Jasper Company, Inc., while the petition on which the writ was issued claimed that the plaintiff was a corporation; (3) that the court erred in holding that there was evidence showing a transfer by the original plaintiff corporation to Steve Jasper individually, and that the verdict of the jury was contrary to law because there was no evidence sustaining the same and that such evidence would be necessary to sustain the verdict.

The challenge made by the appellant to the legality of the corporate status of the appellee prompts us to refer to section 8401, 1939 Code of Iowa, which is as follows:

"Estoppel. No person or persons acting as a corporation shall be permitted to set up the want of a legal organization as a defense to an action against them as a corporation, nor shall any person sued on a contract made with such an acting corporation, or sued for an injury to its property, or a wrong done to its interests, be permitted to set up a want of such legal organization in his defense."

In the case of First Title & Sec. Co. v. United States Gypsum Co., 211 Iowa 1019, 1023, 233 N. W. 137, 139, 73 A. L. R. 1196, this court, in commenting upon the last-referred-to section, quoted with approval from the case of Quinn v. Shields, 62 Iowa 129, 138, 17 N.' W. 437, 441, 49 Am. Rep. 141, as follows:

" 'The purpose of the section is to provide that the enforcement of rights against corporations, and the enforcement by a corporation of contracts made with it, and the recovery of claims for "a wrong done to its interest," cannot be defeated on the ground that the corporation was not legally organized. * * * This construction of the statute in question is demanded by justice and the interest of the public. Corporations defectively or illegally organized may acquire great property interests in personal and real estate and choses in action. Their business is conducted and property managed in the same manner as though they were legally organized, and the interest and rights of all parties dealing with them are involved. If, in an action to enforce any right held by a corporation, it were declared to have no legal existence, great confusion and losses would result, not only to its members, but to persons having dealings with it.' "

The ground that the appellant seeks to emphasize on this appeal is that appellee has no right to commence an action as a corporation and then by amendment substitute the individual sole incorporator as plaintiff. It is not disputed in the record that Steve Jasper was the sole incorporator of the Jasper Company, Inc. It is quite apparent that this sole incorporator was a foreigner and apparently of such limited education that he had to sign his name by mark. It is also obvious that the laws of the state of Iowa were not followed after the incorporation of the Jasper Company, and that by reason of failure to file

certain reports the corporation's charter was canceled. The question now is presented as to whether or not these failures to follow certain statutory requirements should prevent recovery in this action. The statutory provision above set forth is to the effect that "nor shall any person sued * * * or sued for an injury to its property, or a wrong done to its interests, be permitted to set up a want of such legal organization in his defense." The jury found for the appellee, and we believe rightfully so, and we see no reason why appellee should not be permitted to recover on what the jury found was a proper claim of ownership.

As bearing upon a situation such as we have before us, we said in Ronna v. American St. Bk., 213 Iowa 855, 868, 236 N. W. 68, 74:

"The law looks beyond the nominal parties to the real parties in interest and determines the case according to the rights of the latter. See Foreman Shoe Co. v. F. M. Lewis & Co., 60 N. E. (Ill.) 971; 47 C. J. 29."

To the same effect is a statement found in Perley v. Heath, 201 Iowa 1163, 1165, 208 N. W. 721, 722, where it is stated:

"And the court will determine who the real party in interest is, by a reference not merely to the name in which the action is brought, but to the facts, as they appear in the record." (Citing cases.)

It is true that in the last-cited cases the actions were not replevin actions, yet the fact remains that Steve Jasper was the sole owner of the property in question, whether held in the name of the Jasper Company, Inc. or in his own name. We do not condone nor approve of improperly brought actions or poorly drawn pleadings. We do not believe that this court is required by any rule of pleading to sustain the defense as interposed by the appellant. The statute heretofore quoted does not require us to do so. We therefore affirm.—Affirmed.

MILLER, SAGER, STIGER, HALE, MITCHELL, and BLISS, JJ., concur.