BOARD OF SUPERVISORS OF WINNESHIEK COUNTY, appellee, v. STANDARD APPLIANCE COMPANY, INC., and UNITED STATES FIDELITY AND GUARANTY COMPANY, appellants.

No. 49364.

(Reported in 87 N.W.2d 459)

JANUARY 14, 1958.

Miller & Pearson, of Decorah, for appellants.

Isadore Meyer, of Decorah, for appellee.

PETERSON, J.—August 12, 1954, "Board of Supervisors of Winneshiek County, Iowa" entered into contract with Standard Appliance Company, Inc., to install a new roof on the Winneshiek County courthouse on its bid of $14,524.08. Contractor's performance and liability bond was furnished by United States Fidelity & Guaranty Company in same amount. Standard Appliance Company proceeded to perform the work, and did some extra work, so that on April 18, 1955, after the work had been accepted by the supervising architect, the county paid defendant $17,686.14.

About a year after the completion of the work a number of leaks and defects developed in the roof. The contractor and bonding company were notified. The defective condition was not corrected.

June 14, 1957, suit was filed by "Board of Supervisors of Winneshiek County, Iowa", for $22,686.14 against the contractor and bonding company. The claim is for the amount paid to

the contractor plus $5000 for damages to the interior of the courthouse by reason of the leaky roof.

Motion to dismiss was filed by each defendant. The trial court overruled both motions and this court granted appeal as to interlocutory order in accordance with rule 332, Rules of Civil Procedure.

Appellants assign two alleged errors: 1. As to appellants; the trial court should dismiss the petition because "Board of Supervisors" have no statutory authority to sue and are not the owners of the claim involved. 2. As to bonding company; claim is made against the company in excess of the principal amount of bond; petition fails to claim against the contractor as principal and the bonding company as surety; since the supervisors ordered extras beyond the amount of bond the surety company is released from liability.

I. We cannot in this case pass on the merits of plaintiff's claim. In deciding the question as to motion to dismiss we assume the correctness of allegations of petition. Newton v. City of Grundy Center, 246 Iowa 916, 70 N.W.2d 162.

Overruling or sustaining a motion to dismiss does not depend upon the discretion of the trial court. It must rest on legal grounds and is subject to review by this court. Logan v. McMillen, 244 Iowa 1328, 60 N.W.2d 498; Newton v. City of Grundy Center, supra.

A county is a quasi corporation. It is not a corporate entity in the sense of being a business corporation for private purposes or for pecuniary profit. 20 C. J. S., Counties, section 3; Brown v. Davis County, 196 Iowa 1341, 195 N.W. 363; Hilgers v. Woodbury County, 200 Iowa 1318, 206 N.W. 660.

Winneshiek County and board of supervisors of the county are creatures of legislative enactment, both as to existence and powers. Title XIV, Code of 1954, pertains to county and township government. Legislative provisions with reference to board of supervisors are contained in chapters 331 and 332. Section 332.3 contains twenty specific powers of the board. Only two pertain to matters involved in this action. Subsection 6 states: "To represent its county and have the care and management of the property and business thereof in all cases where no other provision is made." Subsection 15 provides: "To build,

equip, and keep in repair the necessary buildings for the use of the county and of the courts." These sections do not specifically grant authority to board of supervisors to sue. However, they authorize specific duties, and the repair or substitution of a needed new roof would clearly be incidental to such duties. 20 C. J. S., Counties, section 178, outlines the general legal situation: "Contracts for the construction of buildings and other improvements may be entered into on behalf of the county by the county board or such other county officers as are expressly or *impliedly* authorized to do so by statute. The provisions of the statute must be followed and conditions precedent be complied with." (Emphasis ours.)

■ In the case at bar the roof improvement contract was executed in name of "Board of Supervisors of Winneshiek County, Iowa." The contractor's bond was similarly denominated. We do not encourage this practice. It is our opinion that it is advisable that county contracts should be executed in name of the county. However, in view of principles outlined and decisions cited hereinafter, we will not hold that the use of the term "Board of Supervisors" in contract, bond and this case, is fatal to the claims of the county.

In addition to the express powers granted by statute to board of supervisors, many implied powers are authorized in order to properly perform its multiplicity of duties. While the question of commencement of action by the board has not been recognized in any previous case of this court, we have approved several instances involving implied powers. Collins v. Welch, 58 Iowa 72, 12 N.W. 121; Hilgers v. Woodbury County, supra. In Collins v. Welch, supra, we held the board of supervisors had authority to compromise a judgment in favor of the county. This was prior to the enactment of the specific statute granting such authority. In Hilgers v. Woodbury County, supra (page 1320), we said: "The board of supervisors is expressly authorized by statute to * * * build and keep in repair the necessary buildings for the use of the county and courts. This is a public purpose." 20 C. J. S., supra, section 178, states: "Where a county board has express statutory authority to construct, to improve, or to repair county buildings, it has implied, and under some statutes express, power to do the same by contract; and

when, in making the contract, the board acts in good faith and within its statutory powers, the courts will not control its discretion." See *J. M. Dougan Co. v. Klamath County*, 99 Ore. 436, 193 P. 645.

It has been held in other jurisdictions, where statutes are somewhat similar, that suits in the name of the board are permissible. 14 Am. Jur., Counties, section 27; *Panama Investment Co. v. Ricker*, 70 Fla. 614, 70 So. 596; *People v. Ingersoll*, 58 N. Y. 1, 17 Am. Rep. 178; *Board of Commissioners of Leavenworth County v. Sellew* (Kansas), 99 U. S. 624, 25 L. Ed. 333.

14 Am. Jur., supra, states at page 200: "All suits and proceedings by and against a county in its corporate capacity are usually directed to be in the name of the board of supervisors of such county, that serving pro hac vice as the corporate name." In *Board etc. of Leavenworth County v. Sellew*, supra, the court stated at page 624 of 99 U. S., page 334 of 25 L. Ed.: "In the State of Kansas counties are bodies corporate and politic, capable of suing and being sued. * * * The name by which they can sue or be sued is the 'Board of County Commissioners of the County of ........'."

Rules of Civil Procedure have been adopted for purposes of simplifying court procedure, eliminating unimportant technicalities, and assisting in administration of justice. Rule No. 2 accomplishes this purpose in many instances, and is effective in the case at bar in providing: "* * * a party with whom or in whose name a contract is made for another's benefit * * * may sue in his own name without joining the party for whose benefit the action is prosecuted."

█ Where an action is maintained by an agent, or as in this case by the Board of Supervisors, the court will look to the real party in interest in determining the merits of the action. *Jasper Co. v. Stergios*, 232 Iowa 938, 943, 5 N.W.2d 192, 195; *Ronna v. American State Bank of Walnut*, 213 Iowa 855, 236 N.W. 68; *Brauch v. Freking*, 219 Iowa 556, 258 N.W. 892. In *Jasper Co. v. Stergios*, supra, we said: "As bearing upon a situation such as we have before us, we said in *Ronna v. American St. Bk.*, 213 Iowa 855, 868, 236 N.W. 68, 74: 'The law looks beyond the nominal parties to the real parties in interest and determines the case according to the rights of the latter. See *Foreman Shoe Co.*

v. F. M. Lewis & Co. [191 Ill. 155], 60 N.E. 971; 47 C. J. 29.'
To the same effect is a statement found in Perley v. Heath, 201
Iowa 1163, 1165, 208 N.W. 721, 722, where it is stated: 'And
the court will determine who the real party in interest is, by a
reference not merely to the name in which the action is brought,
but to the facts, as they appear in the record.' (Citing cases.)"

■ II. The fact that plaintiff prays for $22,686.14 against
both defendants does not justify sustaining motion to dismiss
as to the bonding company. When and if the case is submitted
to the jury on its merits, depending on the evidence, the trial
court will instruct as to the maximum limit of verdict permitted
against the bonding company. The extreme maximum is the
amount of the bond plus 20% in accordance with section 573.6,
which provides:

"The following provisions shall be held to be a part of every
bond given for the performance of a contract for the construc-
tion of a public improvement, whether said provisions be inserted
in such bond or not, to wit: * * *

"2. Every surety on this bond shall be deemed and held, any
contract to the contrary notwithstanding, to consent without
notice: * * *

"b. To any change in the plans, specifications, or contract,
when such change does not involve an increase of more than
twenty percent of the total contract price, and shall then be re-
leased only as to such excess increase."

The bonding company is not fully released by the fact that
plaintiff ordered extras. However, the company is protected by
the limitation of the statute.

■ Appellants contend the action should be dismissed as to
the bonding company because the parties are sued equally and
not as to primary liability and surety liability. We do not ap-
prove this contention. If verdict is rendered, the trial court will
settle the question of order of liability as between principal and
surety in the judgment rendered on the verdict. Rule 224 pro-
vides: "A judgment against principal and surety shall recite the
order of their liability upon it. A 'surety' includes all persons
whose liability on the claim is posterior to that of another."

III. This case can be distinguished from decision in cases
of Stucker v. County of Muscatine and Stucker v. Hartford

Accident & Indemnity Co., 249 Iowa 485, 87 N.W.2d 452. In these cases the bond protected the county and hospital as to any claims against them. There is no question of primary and secondary liability involved. In the case at bar the bond protected the county as to improper performance of work by the contractor, and as against liens for labor or material. There is a primary obligation on the part of the contractor, and secondary liability as against the bonding company. Rule 224, R. C. P.; Bourrett v. W. M. Bride Construction Co., Inc., 248 Iowa 1080, 84 N.W.2d 4.

The order of trial court overruling motions to dismiss was correct, and is affirmed.—Affirmed.

All JUSTICES concur except SMITH, J., who takes no part.