EDWIN WILLESEN et al., petitioners, v. HON. HAROLD E. DAVIDSON, Judge of the Fifteenth Judicial District, respondent.

No. 49447.

(Reported in 90 N.W.2d 737)

June 3, 1958.

Mel M. Graham, of Audubon, and Raun & Franck, of Denison, for petitioners.

Dale D. Levis and Leonard L. Ryan, both of Audubon, for respondent.

Peterson, C. J.—Anna Willesen, a resident of Audubon County, died testate June 11, 1957. Her estate had a value of about $75,000. The bequests in her will were as follows: 1. Board of Trustees of the Audubon County, Iowa, Hospital, property of approximate value of $25,000. 2. Our Savior's Evangelical Lutheran Church of Audubon, Iowa, property of approximately the same value. 3. The remainder of the estate in equal shares to her two brothers Edwin and Charles Willesen, her only heirs-at-law.

The two brothers filed contest on basis of mental incapacity and undue influence.

After filing demand for jury trial the brothers filed motion for change of venue on two grounds: 1. That it was impossible

to secure fair trial in Audubon County because the Lutheran Church involved had such a large membership that an impartial jury could not be secured without reaching into its membership or at least calling jurors who were unduly favorable to the church. 2. That Audubon County was a party to the proceeding.

The trial court overruled the motion on both grounds. The two brothers filed petition for writ of certiorari.

■ The writ is denied on the first ground alleged by petitioners. We will devote only this brief statement thereto. Twelve affidavits were filed in support of this basis for change, but under cross-examination of the affiants it developed that they would not testify that contestants could not get a fair trial. Counter-affidavits were filed. As to this basis for change the trial court has a wide discretion. We recognize its discretion as to overruling the motion on this basis, and hold it was not abused.

Under the provisions of chapter 347, Iowa Code 1958, the people of Audubon County voted for the erection and maintenance of a county hospital. Bonds were voted to purchase the site and erect and equip the building. Section 347.9 provides for the initial appointment by Board of Supervisors of seven trustees. Their terms are staggered and as they expire the trustees are elected for six-year terms.

Pertinent parts of section 347.13(11) as to powers and duties of Board of Trustees are as follows: "Accept property by gift, devise, bequest, or otherwise; * * *." After providing for sale of any property so received, the section states: "* * * and apply the proceeds thereof, or property received in exchange therefor, to the purposes enumerated in subsection 12 hereof *or for equipment.*" (Emphasis ours.) Subsection (12) provides for method of sale of property received, and then authorizes the board to apply proceeds for: (*b*) "Further *permanent improvements* as the board of hospital trustees may determine." (Emphasis ours.)

Rule 167 providing for change of venue states: "On motion, the place of trial may be changed as follows: (*a*) *County.* If the county where the case would be tried is a party and the motion

is by an adverse party, the issue being triable by a jury, and a jury having been demanded; * * *."

As to the second ground for change of venue there is no dispute as to the facts in the case. The question involved is only the legal question as to whether or not "Board of Hospital Trustees" is such a distinct entity that Audubon County as such is not involved in the action.

I. In the orderly and proper administration of justice we have developed in the states of our nation the theory of change of venue. It was not a part of the common law. The fundamental basis is that circumstances arise with reference to judges, jurors and the nature of actions which deny to one of the litigants a fair and unbiased trial in the local court jurisdiction.

A helpful general analysis of this theory appears in 56 Am. Jur., Venue, section 44, as follows: "The power of the legislature to authorize changes of venue in civil actions has rarely been questioned in the courts. Regulations for changes of venue are designed to secure to parties fair and impartial trials of causes, and to secure the right to trials at such places as are most convenient for the parties and witnesses; the extent to which such regulations may go, for the accomplishment of these purposes, is addressed to a sound legislative discretion, in view of the nature of the case to be provided for and the probable conditions likely to arise."

92 C.J.S., Venue, section 128, page 824, states: "The statutes providing for and governing changes of venue manifest a purpose and intent to secure to every litigant the right to a trial of his cause before a fair and impartial tribunal and to provide the procedure whereby such right may be enforced and protected."

II. Where the County is a party, and consequently the interest of the public and third parties is involved, and the pleadings meet the requirements of the rule as to change of venue, no discretion remains in the trial court. Change of venue is mandatory, although the word used in the statute is "may" and not "shall". Allerton v. Eldridge, 56 Iowa 709, 10 N.W. 252; School Twp. v. Nicholson, 227 Iowa 290, 298, 288 N.W. 123, 128; Sorlie v. Peters, 233 Iowa 349, 7 N.W.2d 36; Wolf v. Lutheran Mutual Life Ins. Co., 236 Iowa 334, 18 N.W.2d 804;

Wisdom v. Board of Supvrs., 236 Iowa 669, 680, 19 N.W.2d 602, 608; 56 Am. Jur., Venue, section 72; 82 C. J. S., Statutes, section 380a, page 880; Volume 5, Iowa Forms of Civil Procedure and Practice by Loth, page 145; Thorson v. Board of Supervisors of Humboldt County, 249 Iowa 1088, 90 N.W.2d 730, announced simultaneously with this decision.

School Twp. v. Nicholson pertains to liability of a township for tuition of children in a charitable institution in high school in another district. The question of interpretation of "may" and "shall" entered into the case. With reference thereto we said: "The word 'may' is construed to mean 'shall' whenever the rights of the public or third persons depend upon the exercise of the power or performance of the duty to which it refers." See also Wisdom v. Board of Supvrs., supra, where same quotation appears.

Sorlie v. Peters, supra, pertains to R. C. P. 167(e). This has reference to change of venue when fraud is alleged as to note or contract involved in the action. The trial court refused to grant change of venue and petition for certiorari was filed. We sustained the writ stating at page 351 of 233 Iowa, page 37 of 7 N.W.2d: "We have held these provisions of the statute mandatory, leaving no discretion in the trial court, if the pleadings of the defendant meet the requirement of that section." (Citing four citations)

In 56 Am. Jur., section 72, supra, appears the following general statement: "It would seem clear that when no question of fact as to the existence of the statutory grounds is involved, a change of venue becomes in any case a matter of right and in no sense discretionary."

In Volume 5, Iowa Forms of Civil Procedure and Practice by Loth, under discussion of R. C. P. 167, appears following comment: "If the county where the suit is pending is a party, its adversary can have a change of venue on that ground without alleging prejudice, as a matter of right."

III. The ruling of the trial court is based on the premise that the "County" as such was not a party; that the Board of Hospital Trustees is a distinct governmental agency from the County, and rule 167(a) does not apply. The court cites

Phinney v. Montgomery, 218 Iowa 1240, 257 N.W. 208, and Wickey v. Muscatine County, 242 Iowa 272, 46 N.W.2d 32, in support of its position.

Phinney v. Montgomery, supra, is a leading case as to interpretation of section 347.13 pertaining to the powers of the board of hospital trustees. It involved payment of hospital bills and held that upon approval and submission of the hospital bills by hospital trustees to supervisors payment was mandatory.

Wickey v. Muscatine County, supra, involves chapter 347A providing for establishment of county hospitals through issuance of revenue bonds, to be paid from earnings. The principal question in the case was whether such bonds were to be included in computing the county constitutional limit. We held they were not to be included.

These two cases do not consider the fundamental questions involved in the case at bar. Those questions are: 1. Is the hospital the property of the County, or, more specifically, the people of the County? 2. Will the receipt of the Anna Willesen money affect the taxpayers or citizens of Audubon County who would act as jurors in the case if County of trial is not changed?

1. As to ownership, the hospital is the property of the County, and consequently of its citizens. It certainly is not the property of the board of trustees. The board's function is only that of management. The courthouse is not the property of the elected county officials, who manage the building and perform their duties therein. The jail is not the property of the sheriff. The county home is not the property of the superintendent. All these County facilities, including the hospital, are owned by the County.

2. The people of the County from their earnings or financial resources are responsible for the erection, equipment, improvement, and to some extent for the maintenance of the hospital.

Section 347.7, 1958 Code of Iowa, provides: "If the hospital be established, the board of supervisors, at the time of levying ordinary taxes, shall levy a tax at the rate voted not to exceed one mill; and may levy one additional mill in counties of twelve thousand population or less, in any one year for the erection and equipment thereof, and also a tax not to exceed one mill for the improvement, maintenance, and replacements of the hos-

pital, as certified by the board of hospital trustees; \* \* \*. The proceeds of such taxes shall constitute the county public hospital fund. \* \* \*."

The court takes judicial notice as to population of Audubon County at 11,579, 1950 official United States census report.

Under section 347.13(11) and (12), heretofore quoted, if Mrs. Willesen's twenty-five thousand dollars came to the hospital it could be used to purchase *equipment* or for *improvements*. A modern hospital will always need improvements and more or new equipment. To the extent of twenty-five thousand dollars the taxpayers of Audubon County will be relieved of tax levy for such equipment and improvements.

Any taxpayer or prospective taxpayer juror in Audubon County would be confronted with deciding for or against his self-interest if the trial was held in Audubon County; with a minimum of possibility, this would involve every juror called. This violates the basic principle involved in securing completely unbiased jurors. The purpose of the legislature in adopting this specific provision was to avoid the presence of · such bias and prejudice. The legislature has provided for the change of venue to another county where jurors will be neutral and will not be burdened, biased or embarrassed with a financial interest in the result of the case.

A similar situation to the case at bar appears in Board of Public Instruction for Lafayette County v. First National Bank, 111 Fla. 4, 143 So. 738, 111 Fla. 21, 149 So. 213; Annotation, 103 A. L. R. 1026. In the above cited case a separate entity such as the County Board of Public Instruction was involved. In holding that a change of venue should be granted even though it was the Board, which was a party to the action, and not the County, A. L. R., supra, presents the following analysis of the decision: "\* \* \* plaintiff could not get a fair trial in the county because the boundaries of the property taxable for county school purposes were coextensive with the county, and taxpayers of the county would necessarily have to sit as jurors in the case and would, therefore, be financially interested adversely to plaintiff."

The will of the testatrix recognizes that the hospital is a County function in paragraph 7 where she states: "I am also deeply interested in the *Audubon County Hospital* and I believe it is a worthy cause and in need of support. It gives me much satisfaction to make these provisions for my church and the hospital because then I know that that portion of my estate will be used to promote and support that which is good and for the welfare of the community." (Emphasis supplied.)

IV. In cases where a municipality is a party we have held that a prospective juror may be challenged on the basis of being a taxpayer within the city. Cramer v. City of Burlington, 42 Iowa 315; McGinty v. City of Keokuk, 66 Iowa 725, 24 N.W. 506; Cason v. City of Ottumwa, 102 Iowa 99, 71 N.W. 192.

Where a County is a party we have held in the early case of Wilson v. Wapello County, 129 Iowa 77, 80, 105 N.W. 363, 364, 6 Ann. Cas. 958, that the rule with reference to challenge of a prospective juror as a taxpayer in the County does not apply. The obvious reason is that the legislature has provided under chapter 623, 1958 Code of Iowa (now appearing in detail and implemented under R. C. P. 167) that where a County is a party a change of venue shall be granted.

Concerning the question we said in the Wilson case: "And this conclusion is the more readily reached in view of the statute which gives the plaintiff who has brought an action triable to a jury against a county, in the court of that county, as he must, the unqualified right to have the place of trial changed to an adjoining county."

V. In several judicial fields we have held that the court looks to the real party in interest to determine the merits of the action. Audubon County and the people of the county are the real parties in interest in this case. Board of Hospital Trustees are only the representatives of the County in connection with the management of the County institution. Ronna v. American State Bank of Walnut, 213 Iowa 855, 236 N.W. 68; Brauch v. Freking, 219 Iowa 556, 258 N.W. 892; Jasper Co., Inc., v. Stergios, 232 Iowa 938, 943, 5 N.W.2d 192, 195; Board of Supervisors of Winneshiek County v. Standard Appliance Co., Inc., 249 Iowa 438, 87 N.W.2d 459.

In Jasper Co., Inc., v. Stergios, supra, we said: "The law looks beyond the nominal parties to the real parties in interest and determines the case according to the rights of the latter."

We conclude the writ should be, and it is, sustained. Order to be entered by District Court sustaining motion for change of venue.—Writ sustained.

All JUSTICES concur except SMITH, J., not sitting.