Ronald W. RIESSEN and Sheryll L. Riessen, Plaintiffs–Appellants,

v.

Dale NEVILLE and Marvin McGahuey, Defendants–Appellees.

No. 87–572.

Court of Appeals of Iowa.

April 20, 1988.

Thomas H. Treinen, Battle Creek, for plaintiffs-appellants.

Paul D. Lundberg, of Shull, Cosgrove, Hellige, Kudej & Du Bray, Sioux City, for defendants-appellees.

Considered by DONIELSON, P.J., and SACKETT, and HABHAB, JJ.

SACKETT, Judge.

Plaintiff-Appellant Ronald Riessen, an employee of Ida County, and his wife Plaintiff-Appellant Sheryll L. Riessen, brought an action against Ida County Engineer Marvin McGahuey and Ida County Road Maintenance Foreman Dale Neville. Plaintiffs sought compensation for injuries Ronald received while he was working for Ida County excavating under a road. Plain-

tiffs claimed defendants were guilty of gross negligence. The trial court directed a verdict in favor of McGahuey and submitted the case against Neville to the jury. The jury returned a verdict in Neville's favor. Plaintiffs appeal contending (1) venue should have been changed, (2) there was substantial evidence of gross negligence on the part of McGahuey, and (3) there were irregularities in the jury selection and deliberation process.

## I.

█ Plaintiff's action was against the county engineer and road maintenance foreman. Both were employed by Ida County. The county is the real party in interest. Plaintiffs moved for a change of venue under Iowa Rule of Civil Procedure 167(a) which provides:

On motion, the place of trial may be changed as follows:

(a) County. If the county where the case would be tried is a party and the motion is by an adverse party, the issue being triable by a jury, and a jury having been demanded....

The trial court denied the motion holding it was not timely because a continuance had earlier been granted. Plaintiffs claim this was error. Where the county is a party and the pleadings meet the requirement of the rule as to change of venue a change of venue is mandatory. *Willesen v. Davidson*, 249 Iowa 1104, 1107, 90 N.W.2d 737, 739 (1958). The motion, however, must be timely filed.

The case was filed March 16, 1984, more than one year prior to July 15, 1985. Consequently it was subject to dismissal if not tried prior to January 1, 1986. *See* Iowa R.Civ.P. 215.1. The parties stipulated the case should not be dismissed and should be continued for trial on or before December 31, 1986. The trial court approved the stipulation and held:

The cause shall not be dismissed ... but shall be *continued* for trial at a time on or before December 31, 1986. (Emphasis supplied).

Iowa Rule of Civil Procedure 168 provides:

Change of venue shall not be allowed:

\*　　\*　　\*　　\*　　\*　　\*

(d) After a continuance, except for a cause arising since such continuance or not known to movant prior thereto....

There was a continuance. Plaintiffs knew the county was the real party in interest at the time the petition was filed in March 1984. The motion for change of venue was not filed until November 11, 1986. We find no abuse of discretion in denying the motion. *Locksley v. Anesthesiologists of Cedar Rapids P.C.*, 333 N.W. 2d 451, 454 (Iowa 1983).

## II.

█ Plaintiffs next contend it was error for the trial court to refuse to submit a claim of gross negligence against County Engineer McGahuey. They contend there is evidence of gross negligence because McGahuey:

1. Knew excavation would be sixteen feet under wood surface.

2. Knew the sail, from the culvert sixteen feet under the road surface, to the road surface had collapsed and was unstable.

3. Knew that water was flowing through the culvert and escaping under the roadway through the joints in the separated culvert sections.

4. Knew OSHA regulations required a one-to-one slope of all faces of this excavation.

5. Knew the site needed to be diked to prevent water from entering the excavation.

6. Was aware pre-project that the water which was then in the culvert and continuing to enter the excavation would be adding to the potential for a cave-in.

7. Knew it was his responsibility to have immediate direction over all maintenance work.

8. Acknowledged that he had a personal duty for safety to the employees of his office as county engineer.

9. Was aware he should follow OSHA regulations in excavation work under his supervision and inspect daily.

10. Was aware that cave-ins occur in excavations resulting in injury to workers.

To justify submission of the case against McGahuey, plaintiffs must present substantial evidence of gross negligence as defined in Iowa Code section 85.20. The elements necessary to establish gross negligence by the co-employee toward plaintiffs are (1) knowledge of the peril to be apprehended; (2) knowledge that injury is a probable, as opposed to a possible, result of the danger; and (3) a conscious failure to avoid the peril. *Taylor v. Peck*, 382 N.W.2d 123, 126 (Iowa 1986). All requirements of the test must be met. *Id.* at 126 n. 2. Not every violation of an OSHA regulation is gross negligence. *Eister v. Hahn*, 420 N.W.2d 443, 445 (Iowa 1988). McGahuey was not at the site nor did he have knowledge the project had been commenced. Plaintiffs must show McGahuey had actual or constructive knowledge injury was probable. *Taylor*, 382 N.W.2d at 127.

There is no evidence of a conscious failure to avoid a peril. *Eister*, 420 N.W.2d at 446; *Thompson v. Bohlken*, 312 N.W.2d 501, 505 (Iowa 1981). There is insufficient evidence to show McGahuey knew or should have known such an accident was probable. *Taylor*, 382 N.W.2d at 127. McGahuey was not aware of any similar accidents at the sight nor was he even aware of what was transpiring. *See Justus v. Anderson*, 400 N.W.2d 66, 67 (Iowa App.1986) (Where employee was injured by falling paper products there was insufficient evidence of gross negligence even though defendant knew employees were in aisles where products fell, had observed stakes leaning and tilting, and knew a person could be hurt by falling products). We find no error in the trial court's refusal to submit the issue of gross negligence as against McGahuey. We affirm the trial court on this issue.

### III.

▆▆▆▆ Plaintiffs next challenges are to certain things that transpired in the jury selection and deliberation process. Plaintiffs contend it was error to allow a juror with impaired hearing to remain on the panel. The jurors answered questionnaires about their qualifications to serve. The hearing impaired juror noted on the questionnaire he had a hearing impairment. The questionnaires were available to the parties and their attorneys. Plaintiffs had an opportunity to voir dire the juror. The juror with the hearing impairment was not challenged. All challenges, both those known and those which could have been ascertained by questioning, are waived if no challenge is made before the jury is sworn. *Turner v. Jones*, 215 N.W.2d 289, 291 (Iowa 1974); *State v. Grove*, 171 N.W. 2d 519, 521 (Iowa 1969). We find no error on this issue.

▆▆▆▆ Plaintiffs also contend there was juror misconduct. Error was urged because juror affidavits stated the jurors had discussed OSHA regulations, the fact OSHA regulations could not always be followed, and the fact Ida County was being sued and as the employer of Defendant Neville was liable for Ronald's injuries.

One hour into deliberations the jury sent questions to the judge:

Question 1: Who is this case against? Dale Neville or Ida County and Dale Neville?

Question 2: Does the Plaintiff have the right to appeal to another court?

The trial court's answers:

Question 1. Answer: Dale Neville.

Question 2. Answer: Both the Plaintiff and the Defendant have a right to appeal to a higher court. On appeal, however, the higher court can only decide whether the Judge made any mistakes in the rulings on evidence, or in the legal matters. The action of the jury in finding the facts and returning a verdict cannot be changed by a higher court. You must assume that this is the only trial there will be and that your verdict will be the final determination of the case. If you

make a mistake there is no one who can correct it.

Plaintiffs claim these factors justify the granting of a new trial. The trial court did not grant a new trial. To impeach a verdict on the basis of jury misconduct, three conditions must be met: (1) evidence from the jurors must consist only of objective facts as to what actually occurred in or out of the jury room bearing on misconduct; (2) the acts or statements complained of must exceed tolerable bounds of jury deliberation; and (3) it must appear the misconduct was calculated to, and with reasonable probability did, influence the verdict. *State v. Cullen,* 357 N.W.2d 24, 27 (Iowa 1984). The trial court has broad discretion in ruling on issues of jury misconduct. *Id.* Unless the action of the trial court is clearly unreasonable under the attendant circumstances we will not find an abuse of discretion. *Id.* A new trial is justified only when it appears the misconduct was calculated to, and with reasonable probability did, influence the verdict. *Id.* at 28. The difference between a possibility and a reasonable probability is significant. *Id.* The reasonable probability requirement is not easy to satisfy. *Id.* Jurors have "considerable latitude in their deliberations, and conduct or occurrences which are within tolerable limits are said to 'inhere in the verdict' or constitute no ground for 'impeachment of the verdict.' " *Id.* (quoting *Harris v. Deere & Co.,* 263 N.W.2d 727, 730 (Iowa 1978)). The court has limited tolerance for the ingenuity of jurors and realizes a rigid approach would result in interminable litigation. *Id.* at 29. In *State v. Lass,* 228 N.W.2d 758, 771 (Iowa 1975), where several jurors related their personal observations of individuals suffering hypoglycemic and diabetic attacks, the court affirmed the trial court's denial of motion for a new trial, stating "[a]s a practical matter, courts cannot be too strict on jury discussions or few verdicts could stand." "To justify a new trial for jury misconduct it must appear, independently of what jurors might later say, the misconduct was calculated to, and probably did, influence the verdict." *Cullen,* 357 N.W.2d at 29. The facts here do not meet this test.

We affirm the trial court.

AFFIRMED.