**Kay KONZ, Appellant,**

v.

**Stewart Wayne EHLY, Appellee.**

No. 88–1482.

Court of Appeals of Iowa.

Dec. 21, 1989.

John W. Kocourek, Council Bluffs, and David G. Hicks of Pollak, Frank & Hicks, Omaha, Neb., for appellant.

James F. Pickens and Minor Barnes of Pickens, Barnes & Abernathy, Cedar Rapids, for appellee.

Heard by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Justice.

The appellant, Kay Konz, appeals the district court's ruling sustaining defendant's motion for summary judgment. We affirm.

The plaintiff-appellant, Kay Konz, was a graduate student at the University of Iowa and employed as a graduate assistant in psychology on March 21, 1983. At that time, the defendant-appellee, Stuart Ehly, was an assistant professor of the School of Psychology in the division of special education within the College of Education at the University of Iowa.

The 1983 convention of the National Association of School Psychologists was to be held at Detroit, Michigan, on March 20 through 24, 1983. Several employees and members of the faculty of the University of Iowa, including the appellant and the appellee, desired to attend this convention.

The appellant and the appellee (in addition to others) were scheduled to participate in the conference as presenters or as participants in seminars. Mr. Ehly secured a Dodge van owned by the university for the purpose of transporting seven university employees and two spouses for the trip from Iowa City to Detroit and back.

Prior to obtaining the use of the van for this planned trip, Mr. Ehly went through regular university channels to secure permission. He first contacted the division chairperson to see if funds were available. He then reduced his request to writing.

The written application revealed that the purpose of the trip was to attend the national convention in Detroit. It explained that he was attending because of his role as a presenter. The fact that he was a presenter was important to the prestige of the university. If he was not a presenter, he would be unable to obtain funds for the trip from the college. He explained further that he wanted to make transportation available so that graduate students either on the program or those merely desiring to attend could travel at minimal charge to the division.

In addition to the application for funding for the van, Mr. Ehly also had to submit an application that relates to out-of-state travel. This application or form had to be submitted to the Dean of the College of Education for approval. The form is necessary in order to obtain funding for trips outside the State of Iowa. In addition, application was made by Mr. Ehly for an advance on travel expenses.

When requesting the use of a van, Mr. Ehly asked for a vehicle that would accommodate at least twelve persons. That request, along with the other requests, was approved. It was while en route to the convention in Detroit that the accident occurred. It was a one-vehicle accident on Interstate 80 near Davenport, Iowa. Mr. Ehly was operating the van at the time, and the plaintiff was injured as a result of the accident.

The plaintiff, in her amended petition, admits that she was an employee of the University of Iowa at the time of the mishap. The plaintiff applied for and received worker's compensation benefits. She brings this suit against Mr. Ehly alleging in substance that he was grossly negligent in the operation of the van that amounted to wanton neglect for her safety.

The defendant filed the motion for summary judgment that is the subject of this appeal. Noticeably, the plaintiff did not file a written resistance. The trial court sustained the defendant's motion, and, on appeal, we agree.

## I.

Our review is on errors assigned. Iowa R.App.P. 4. In ascertaining whether summary judgment (Iowa R.Civ.P. 237(b)) is appropriate, we apply the following standards:

> Summary judgment is proper when there is no genuine issue of fact and the moving party is entitled to the judgment as a matter of law. The burden of showing the nonexistence of a material fact is upon the moving party. While an adverse party generally cannot rest upon his pleadings when the moving party has supported his motion, summary judgment is still not proper if reasonable minds could draw different inferences and conclusions from the undisputed facts. In this respect, summary judgment is functionally akin to a directed verdict; every legitimate inference that reasonably can be deduced from the evidence should be afforded the nonmoving party, and a fact question is generated if reasonable minds can differ on how the issue should be resolved.

*Martinko v. H–N–W Associates,* 393 N.W.2d 320, 321 (Iowa 1986) (quoting *Knapp v. Simmons,* 345 N.W.2d 118, 121 (Iowa 1984)).

Our rule 237(b) has essentially the same provision as Federal Rule of Civil Procedure 56. The Iowa Supreme Court has on a number of occasions held that:

> Because our rule 237 is patterned on rule 56, Federal Rules of Civil Procedure, federal interpretations are persuasive.

*Brody v. Ruby,* 267 N.W.2d 902, 904 (Iowa 1978); *see Sherwood v. Nissen,* 179 N.W.2d 336, 339 (Iowa 1970).

The Iowa Supreme Court recently adopted the federal standard for summary judgment as set out in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 244, 106 S.Ct. 2505, 2508, 91 L.Ed.2d 202, 209 (1986). See *Behr v. Meredith Corp.,* 414 N.W.2d 339, 341 (Iowa 1987). In *Anderson,* the United States Supreme Court held that the standard for summary judgment is the same as upon directed verdict. 477 U.S. at 251, 106 S.Ct. at 2512, 91 L.Ed.2d at 214. As the Court in *Anderson* further stated:

> The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict. Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.

477 U.S. at 256, 106 S.Ct. at 2514, 91 L.Ed.2d at 217.

When a movant for summary judgment satisfies the initial burden of production, the burden shifts to the party opposing the motion for summary judgment, who then must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2516, 91 L.Ed.2d at 213. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265, 274 (1986). The plaintiff has failed in this respect.

## II.

It stands without dispute that at the time of the accident in question the plaintiff and defendant were employees of the University and that the plaintiff's injuries from the accident arose out of and in the course of her employment. Factually, it appears that the plaintiff applied for and was paid worker's compensation.

> Section 85.20, Iowa Code (1981) provides: The rights and remedies provided in this chapter, chapter 85A or chapter 85B for an employee on account of injury, occupational disease or occupational hearing loss for which benefits under this chapter, chapter 85A or chapter 85B are recoverable, shall be the exclusive and only rights and remedies of such employee, the employee's personal or legal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury, occupational disease, or occupational hearing loss against:
> 1.  his or her employer; or
> 2.  any other employee of such employer, provided that such injury, occupational disease, or occupational hearing loss arises out of and in the course of such employment and is not caused by the other employee's gross negligence amounting to such lack of care as to amount to wanton neglect for the safety of another.

Since the defendant was at the time of the incident also an employee of the University, under section 85.20, the plaintiff's remedy against the defendant is under the worker's compensation statute unless, of course, the plaintiff's injuries were caused by the defendant's gross negligence to the extent that it amounts to such lack of care as to rise to the level of wanton neglect for her safety. From this we discern it is for the plaintiff to establish gross negligence before recovery is permitted against the defendant. *Hastings v. Espinosa*, 340 N.W.2d 603, 609 (Iowa App.1983).

The elements of gross negligence were set out in *Thompson v. Bohlken*, 312 N.W.2d 501, 505 (Iowa 1981), in which it was stated:

> We conclude, in view of the foregoing, that there are three elements necessary to establish "gross negligence amounting to such lack of care as to amount to wanton neglect" under section 85.20: (1) knowledge of the peril to be apprehended; (2) knowledge that injury is a probable, as opposed to a possible, result of the danger; and a (3) conscious failure to avoid the peril.

We repeated those elements in *Riessen v. Neville*, 425 N.W.2d 665, 668 (Iowa App. 1988).

When we apply the undisputed facts to the law as it applies to this case, we agree with the trial court there are no genuine issues of material fact. There just is not substantial evidence to support the elements of gross negligence. We have set forth the pertinent facts in the body of this opinion that bring us to this result, and no useful purpose can be served by repeating them again.

The plaintiff argues in her brief that there is a genuine issue of fact as to whether the defendant at the time of the accident was acting outside the scope of his employment. We find this argument to be without merit. The entire undisputed evidence we have before us establishes to the contrary.

On the record made it is clear that if the cause did proceed to trial, the trial judge would be compelled to direct a verdict in favor of the defendant. Accordingly, summary judgment is proper.

AFFIRMED.